# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

MARIA ABARCA,                                    )
parent and next friend of C.A., a minor          )
1445 Park Road, NW, #511                          )
Washington, D.C.  20010                           )
                                                  )
and                                               )
                                                  )        Civil Action No.
DELORES ANDREWS,                                  )
parent and next friend of W.A., a minor           )
33 K Street, NW, #215                             )
Washington, D.C.  20001                           )
                                                  )
and                                               )
                                                  )
GERALD SISCO,                                     )
parent and next friend of Q.B., a minor           )
203 N Street, SW, #407                            )
Washington, D.C.  20024                           )
                                                  )
and                                               )
                                                  )
CALVIN BODRICK,                                   )
parent and next friend of K.B., a minor           )
4313 G Street, SE                                 )
Washington, D.C.  20019                           )
                                                  )
and                                               )
                                                  )
LORENA BRAGG,                                     )
parent and next friend of M.B., a minor           )
2400 2nd Street, NE                               )
Washington, D.C.  20002                           )
                                                  )
and                                               )
                                                  )
NUREEAH BROWN,                                    )
parent and next friend of A.B., a minor           )
4901 Alabama Avenue, SE                           )
Washington, D.C.  20019                           )
                                                  )

1

and                                              )
                                                 )
BETTINA BROWN,                                   )
parent and next friend of K.B., a minor          )
2707 Robinson Place, SE, #404                    )
Washington, D.C.  20020                          )
                                                 )
and                                              )
                                                 )
MARGARET BROWN,                                  )
parent and next friend of M.B., a minor          )
2308 Good Hope Road, SE, #102                    )
Washington, D.C.  20020                          )
                                                 )
and                                              )
                                                 )
NICOLE BROWNER,                                  )
parent and next friend of K.B., a minor          )
318 37th Street, SE, #103                        )
Washington, D.C.  20019                          )
                                                 )
and                                              )
                                                 )
JOYCE RICHARDSON,                                )
parent and next friend of J.C., a minor          )
960 Mt. Olivet Road, NE                          )
Washington, D.C.  20002                          )
                                                 )
and                                              )
                                                 )
ROBIN CHASE-EL,                                  )
parent and next friend of A.C., a minor          )
7438 9th Street, NW                              )
Washington, D.C.  20002                          )
                                                 )
and                                              )
                                                 )
LYNETTE SHERROD,                                 )
parent and next friend of S.C., a minor          )
3158 Buena Vista Terrace, SE, #1                 )
Washington, D.C.  20020                          )
                                                 )
and                                              )

2

ERIKA DARDEN,                                          )
parent and next friend of D.D., a minor               )
1631 Euclid Street, NW, #502                          )
Washington, D.C.  20009                               )
                                                       )
and                                                    )
                                                       )
MAXINE ALEXANDER,                                     )
parent and next friend of J.D., a minor               )
1359 Downing Street, NE                               )
Washington, D.C.  20018                               )
                                                       )
and                                                    )
                                                       )
JOANN ELVIS,                                           )
parent and next friend of D.E., a minor               )
2417 18th Place, SE                                    )
Washington, D.C.  20020                               )
                                                       )
and                                                    )
                                                       )
RUBY LEDBETTER,                                        )
parent and next friend of G.E., a minor               )
2509 Rhode Island Avenue, NE                          )
Washington, D.C.  20018                               )
                                                       )
and                                                    )
                                                       )
NOMEKA FISHER,                                         )
parent and next friend of A.F., a minor               )
68 Galveston Street, SW, #101                         )
Washington, D.C.  20032                               )
                                                       )
and                                                    )
                                                       )
MONTE and MALAIKA FOSTER,                             )
parents and next friends of T.F., a minor             )
2730 28th Street, NE                                   )
Washington, D.C.  20018                               )
                                                       )
and                                                    )
                                                       )

3

MICHELLE GAINES,                                     )
parent and next friend of R.G., a minor             )
203 N Street, SW, #508                              )
Washington, D.C.  20024                             )
                                                    )
and                                                 )
                                                    )
CATHERINE GANTT,                                    )
parent and next friend of C.G., a minor            )
4642 Livingston Road, SE, #203                      )
Washington, D.C.  20032                             )
                                                    )
and                                                 )
                                                    )
OLENA OLIPHANT,                                     )
parent and next friend of R.G., a minor            )
4022 Illinois Avenue, NW                            )
Washington, D.C.  20011                             )
                                                    )
and                                                 )
                                                    )
CLEOTILDE GUZMAN,                                   )
parent and next friend of F.G., a minor            )
445 Jefferson Street, NW                            )
Washington, D.C.  20011                             )
                                                    )
and                                                 )
                                                    )
ETHEL HALL,                                         )
parent and next friend of T.H., a minor            )
1730 7th Street, NW                                 )
Washington, D.C.  20001                             )
                                                    )
and                                                 )
                                                    )
MARY JANE FALTZ-HARRIS,                             )
parent and next friend of A.H., a minor            )
3000 Nelson Place, SE, #2                           )
Washington, D.C.  20019                             )
                                                    )
and                                                 )
                                                    )

4

PATRICIA HASSOCK,                                )
parent and next friend of T.H., a minor          )
4910 Fort Totten Drive, NE, #22                  )
Washington, D.C.  20018                          )
                                                 )
and                                              )
                                                 )
JOYCELYNN BUSH,                                  )
parent and next friend of A.H., a minor          )
1116 Orren Street, NE                            )
Washington, D.C.  20002                          )
                                                 )
and                                              )
                                                 )
ELLA HINKLE,                                     )
parent and next friend of J.H., a minor          )
2409 Naylor Road, SE                             )
Washington, D.C.  20020                          )
                                                 )
and                                              )
                                                 )
MARY HOOVER,                                     )
parent and next friend of J.H., a minor          )
3021 G Street, SE                                )
Washington, D.C.  20019                          )
                                                 )
and                                              )
                                                 )
TERRY JOHNSON,                                   )
parent and next friend of D.I., a minor          )
737 Irving Street, NW                            )
Washington, D.C.  20010                          )
                                                 )
and                                              )
                                                 )
SHIRLEY RICHARDSON,                              )
parent and next friend of D.J., a minor          )
2130 H Street, NE                                )
Washington, D.C.  20002                          )
                                                 )
and                                              )
                                                 )

5

PATRICIA JONES,                                    )
parent and next friend of R.J., a minor            )
44-A Bates Street, NW                              )
Washington, D.C.  20001                            )
                                                   )
and                                                )
                                                   )
SHARON LILLY-JOYNER,                               )
parent and next friend of D.J., a minor            )
5337 Clay Terrace, NE                              )
Washington, D.C.  20019                            )
                                                   )
and                                                )
                                                   )
SHARON LILLY-JOYNER,                               )
parent and next friend of S.L., a minor            )
5337 Clay Terrace, NE                              )
Washington, D.C.  20019                            )
                                                   )
and                                                )
                                                   )
STACEY HARVEY,                                     )
parent and next friend of D.M., a minor            )
2520 10th Street, NE, #27                          )
Washington, D.C.  20018                            )
                                                   )
and                                                )
                                                   )
MARTHA VASQUEZ,                                    )
parent and next friend of M.M., a minor            )
1630 Park Road, NW, #110                           )
Washington, D.C.  20010                            )
                                                   )
and                                                )
                                                   )
PATRICE MITCHELL,                                  )
parent and next friend of D.M., a minor            )
1775 Trenton Place, SE                             )
Washington, D.C.  20020                            )
                                                   )
and                                                )
                                                   )

JULIE MOORE,                                          )
parent and next friend of D.M., a minor              )
1920 Bennett Place, NE                                )
Washington, D.C.  20002                              )
                                                     )
and                                                  )
                                                     )
TAMICA BROWN,                                        )
parent and next friend of M.M., a minor              )
5097 Sheriff Road, NE                                )
Washington, D.C.  20019                              )
                                                     )
and                                                  )
                                                     )
ANTONIO BALLARD,                                     )
parent and next friend of K.M., a minor              )
1715 Monroe Street, NE                               )
Washington, D.C.  20018                              )
                                                     )
and                                                  )
                                                     )
SYLVESTER and PAMELA OKPALA,                         )
parents and next friends of M.O., a minor            )
1351 H Street, NE                                    )
Washington, D.C.  20002                              )
                                                     )
and                                                  )
                                                     )
JESSIE DUNNE,                                        )
parent and next friend of K.P., a minor              )
1623 Fort Dupont Street, SE                          )
Washington, D.C.  20020                              )
                                                     )
and                                                  )
                                                     )
EVELYN PORTER,                                       )
parent and next friend of B.P., a minor              )
4020 1st Street, SE, #204                            )
Washington, D.C.  20032                              )
                                                     )
and                                                  )
                                                     )

ROSA QUINTANILLA,    )
parent and next friend of W.Q., a minor    )
1445 Park Road, NW, #304    )
Washington, D.C.  20010    )
    )
and    )
    )
MARLENY AMAYA,    )
parent and next friend of J.R., a minor    )
3502 Center Street, NW    )
Washington, D.C.  20010    )
    )
and    )
    )
DIANA RIDGEWAY,    )
parent and next friend of J.R., a minor    )
256 37th Street, SE    )
Washington, D.C.  20019    )
    )
and    )
    )
DIANA RIDGEWAY,    )
parent and next friend of J.R., a minor    )
256 37th Street, SE    )
Washington, D.C.  20019    )
    )
and    )
    )
CORETTA SIMPKINS,    )
parent and next friend of G.S., a minor    )
1400 4th Street, SW    )
Washington, D.C.  20024    )
    )
and    )
    )
ALICIA DAVIS,    )
parent and next friend of M.S., a minor    )
634 Otis Place, NW    )
Washington, D.C.  20010    )
    )
and    )
    )

8

CATHY STALLINGS,                               )
parent and next friend of C.S., a minor        )
1104 3rd Street, SW                             )
Washington, D.C.  20024                         )
                                                )
and                                             )
                                                )
KAREN TATE,                                     )
parent and next friend of M.T., a minor        )
5013 Ayers Place, SE                            )
Washington, D.C.  20019                         )
                                                )
and                                             )
                                                )
GAIL TURNER,                                    )
parent and next friend of L.T., a minor        )
601 Edgewood Street, NE, #735                   )
Washington, D.C.  20017                         )
                                                )
and                                             )
                                                )
VICTORIA TYLER,                                 )
parent and next friend of L.T., a minor        )
2603 Naylor Road, SE, #2                        )
Washington, D.C.  20020                         )
                                                )
and                                             )
                                                )
RHONDA WALKER,                                  )
parent and next friend of A.W., a minor        )
5834 Southern Avenue, SE                        )
Washington, D.C.  20019                         )
                                                )
and                                             )
                                                )
RHONZELLE GUNN,                                 )
parent and next friend of D.W., a minor        )
1443 Fairmont Street, NW, #E14                  )
Washington, D.C.  20009                         )
                                                )
and                                             )
                                                )

CATHERINE WATSON, )
parent and next friend of K.W., a minor )
4709 B Street, SE )
Washington, D.C.  20019 )
 )
and )
 )
JEANNETTE WILLIAMS, )
parent and next friend of K.W., a minor )
1440 Eastern Avenue, NE )
Washington, D.C.  20019 )
 )
and )
 )
YOLANDA FERGUSON, )
parent and next friend of T.W., a minor )
2713 Robinson Place, SE, #103 )
Washington, D.C.  20020 )
 )
and )
 )
DELORES WILSON, )
parent and next friend of L.W., a minor )
3439 Stanton Road, SE )
Washington, D.C.  20020 )
 )
and )
 )
MARCHETTE WINGATE, )
parent and next friend of A.W., a minor )
3308 6th Street, SE )
Washington, D.C.  20032 )
 )
and )
 )
SONIA RAMIREZ, )
parent and next friend of V.Z., a minor )
6707 14th Street, NW, #206 )
Washington, D.C.  20012 )
 )
   Plaintiffs, )
 )
  v. )

10

THE DISTRICT OF COLUMBIA                )
A Municipal Corporation                 )
One Judiciary Square                    )
441 Fourth Street, NW                    )
Washington, D.C.  20001                  )
                                        )
serve:                                  )
                                        )
ANTHONY L. WILLIAMS, Mayor               )
District of Columbia                     )
1350 Pennsylvania Avenue, NW, 5th Floor  )
Washington, D.C.  20004                  )
                                        )
serve:                                  )
                                        )
ROBERT SPAGNOLETTI                       )
Attorney General                        )
District of Columbia                     )
1350 Pennsylvania Avenue, NW, Suite 409  )
Washington, D.C.  20004                  )
                                        )
serve:                                  )
                                        )
CLIFFORD JANEY (officially)              )
Superintendent, D.C. Public Schools      )
825 North Capitol Street, NE             )
Suite # 9026                            )
Washington, D.C.  20002                  )
                                        )
                        Defendants.      )
_____ )


## **COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER RELIEF**

COME NOW, Plaintiffs, by and through their attorney, Tilman L. Gerald,

James E. Brown & Associates, PLLC, and in their Complaint for Declaratory, Injunctive,

and Other Relief respectfully represent unto this Honorable Court as follows:

11

## PRELIMINARY STATEMENT

1.      This action is brought to prevent the Defendant from depriving the

aforementioned Plaintiffs from enforcing their statutory rights to reasonable

attorneys' fees under the Individuals with Disabilities Education Act

(IDEIA), 20 U.S.C. §1400 *et seq.*(2004), Title V of the District of Columbia

Municipal Regulations (DCMR), and 42 U.S.C. §§ 1983 and 1988.

## JURISDICTION

2.      This Court has jurisdiction pursuant to 42 U.S.C. §§ 1983 and 1988, 20

U.S.C.§1415(i)(3) and 28 U.S.C §1331. Plaintiff seeks declaratory relief

pursuant to 28 U.S.C. §§ 2201 and 2202.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

4.      Plaintiffs are children eligible to receive special education services and

benefits from the District of Columbia as defined by the IDEIA and Section 504, as well as

their parents or guardians who, at all times relevant to this action, were residents of the

District of Columbia, and who prevailed in administrative hearings held pursuant to the

IDEA.  The parents bring this action on behalf of the children and in their own right, and the

individual Plaintiffs are designated as follows:

a.      At all times relevant hereto, C.A. was a student in the District of Columbia

Public Schools' ("DCPS") Special Education Program.  On or about December 9, 2005,

Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS

failed to provide speech/language therapy as called for by the student's Individualized

Educational Program ("IEP").  For relief, Plaintiff requested DCPS to fund 50 hours of private speech/language therapy as compensatory education.  On or about February 9, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to begin providing the student with speech/language services no later than February 28, 2006, convene a MDT/IEP meeting within 30 days of the issuance of the Hearing Officer's Determination ("HOD") to discuss and determine the compensatory education to be awarded for missed services, and implement the compensatory education at Sacred Heart School. Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,544.82 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $7,544.82 is still due and owing from the Defendant.  ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 1.***

     b.     At all times relevant hereto, W.A. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about December 9, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with the parent's request for reevaluations.  For relief, Plaintiff asked DCPS to fund all necessary reevaluations; and convene the student's MDT/Individualized Educational Program ("IEP") meeting within ten business days of receipt of the last independent evaluation to review all the evaluations, revise the student's IEP, and discuss

and determine placement.  On or about February 15, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to convene a MDT/IEP/Placement meeting on February 23, 2006 to review evaluations, review and revise the student's IEP, and discuss and determine an appropriate placement.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $18,096.60 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $18,096.60 is still due and owing from the Defendant.  ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 2***.

c.  At all times relevant hereto, Q.B-S. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about November 25, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with a September 29, 2005 settlement agreement for DCPS to convene a MDT/Individualized Educational Program ("IEP") meeting by October 14, 2005 to review current evaluations, review and revise the IEP, and discuss and determine appropriate placement; and failed to provide an appropriate placement for the student.  For relief, Plaintiff asked DCPS to place and fund the student at St. Colletta School immediately, and provide or fund the student with one year of compensatory one-on-one tutoring and speech/language services.  On or about January 30, 2006 and February 6, 2006, Plaintiff

appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to immediately place and fund the student on an interim basis at St. Colletta School for the remainder of the 2005-2006 school year; convene a MDT/IEP meeting to review and revise the student's IEP, determine if additional evaluations are necessary, discuss and determine placement, and discuss and determine compensatory education; and provide all existing encounter tracking form to facilitate the determination of any missed services.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $8,395.12 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for his attorneys' fees and costs without reason, and $8,395.12 is still due and owing from the Defendant.  ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 3***.

      d.      At all times relevant hereto, K.B. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about January 18, 2006, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with an August 26, 2005 settlement agreement to convene a MDT/Individualized Educational Program ("IEP") meeting to discuss and determine compensatory education, and failed to review the student's IEP annually.  For relief, Plaintiff asked DCPS to convene a MDT/IEP meeting within five business days to develop a compensatory education plan, review the student's IEP, and determine the student's progress;

fax to Plaintiff's counsel within three business days copies of the student's IEP Report Cards for the 2004-2005 and 2005-2006 school years and copies of the student's teachers' and related service providers' licenses and credentials; and fund all tutorial services recommended for the student. On or about March 6, 2006, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, pursuant to which DCPS agreed to fund 98 hours of private one-on-one tutoring at a rate not to exceed $60/hour. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $9,923.02 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for his attorneys' fees and costs without reason, and $9,923.02 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 4.***

    e.    At all times relevant hereto, M.B. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about November 23, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to evaluate comprehensively in all areas of suspected disability. For relief, Plaintiff asked DCPS to fund independent occupational therapy, functional behavioral, and vocational assessments; provide, if necessary, a private occupational therapist to design and implement a complete program of vision therapy that include one-on-one services for every hour of therapy not provided as recommended by the December 29, 2003 psychological evaluation;

and provide private one-on-one specialized instructional services until the student reaches grade-level performance. On or about February 27, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to fund independent occupational therapy, vocational, and functional behavior assessments; and convene a MDT/Individualized Educational Program ("IEP") meeting within 15 school days of receipt of the last evaluation to review evaluations, review and revise the student's IEP, and discuss and determine an appropriate educational placement for the remainder of the 2005-2006 school years. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $12,144.55 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $12,144.55 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 5.***

f.    At all times relevant hereto, A.B. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October 14, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to draft an Individualized Educational Program ("IEP") with the student's identified special education needs and failed to place the student in an appropriate special education program. For relief, Plaintiff asked DCPS to place and fund the student in a private special education program that can implement an IEP for students classified with Other Health

17

Impaired ("OHI") and mental retardation, draft an IEP indicating the student's identified special education disability classifications, and provide the student with compensatory one-on-one tutoring in the amount of four hours each week for the remainder of the 2005-2006 school year. On or about February 21, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to perform an exit evaluation to rule out the disputed classification of OHI/mental retardation; conduct an appropriate evaluation within 15 school days of the issuance of the Hearing Officer's Determination ("HOD") to determine if the OHI disability classification is warranted; and convene a MDT/IEP meeting within ten school days of receipt of the evaluation to review all current evaluations, review and revise the IEP, and discuss and determine if the multiple classification is appropriate. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $18,447.63 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $18,447.63 is still due and owing from the Defendant. *Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 6.*

      g.    At all times relevant hereto, K.B. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about January 5, 2006, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to conduct psycho-educational and clinical evaluations, failed to provide an

appropriate Individualized Educational Program ("IEP") for the student, failed to provide an appropriate educational placement, and failed to allow the parent to participate in the placement meeting. For relief, Plaintiff asked DCPS to fund independent psycho-educational and clinical evaluations; convene a MDT/Individualized Educational Program ("IEP") meeting within 15 business days of receipt of the evaluations to review all evaluations and draft develop an appropriate IEP; place and fund the student in the Rock Creek Academy, Pathways School, Phillip School, or Accotink Academy; and provide the student with compensatory one-on-one tutoring for three hours each week for the remainder of the 2005-2006 school year and for the 2006-2007 and 2007-2008 school years. On or about March 2, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to complete a clinical-psychological evaluation within 40 days from the issuance of the Hearing Officer's Determination ("HOD"); to complete a psycho-educational evaluation within 40 days from the issuance of the HOD if the parties cannot agree to accept the January 11, 2006 Psychological Evaluation Report as a psycho-educational evaluation; and to convene a MDT/IEP meeting within 15 school days of completion of the last evaluation to review evaluations, review and revise the IEP, discuss and determine placement, and discuss and determine compensatory education. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,313.63 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $7,313.63 is still due and owing from the

Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 7.***

h.  At all times relevant hereto, M.B. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about January 7, 2006, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with a December 6, 2005 Hearing Officer's settlement order to convene a MDT/Individualized Educational Program ("IEP") meeting within 30 calendar days to review all evaluations, review and revise the student's IEP, discuss and determine compensatory education, and develop an appropriate compensatory education plan; failed to comply with a June 29, 2005 Hearing Officer's Determination ("HOD") to convene a MDT/IEP meeting within 15 school days to revise and update the student's IEP and determine an appropriate placement; failed to develop an appropriate IEP; failed to annually review the student's IEP; and failed to provide the student with his special education instruction and related services.  For relief, Plaintiff asked DCPS to place and fund the student at the Rock Creek Academy for the remainder of the 2005-2006 school year; convene a MDT/IEP meeting within five calendar days to review all evaluations, revise the student's IEP, and develop a compensatory education plan; fund an assistive technology evaluation to determine what type of assistive technology will assist the student; convene a MDT/IEP meeting within ten school days of receipt of the assistive technology evaluation to develop a compensatory education plan; and provide the student the recommended assistive technology equipment within 30 calendar days.  On or about March 6, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to convene

20

a BLMDT/IEP/Placement meeting within 30 school days of issuance of the HOD to review and discuss evaluations, determine if additional assessments are necessary and perform or fund such evaluations, revise the student's IEP, and discuss and determine compensatory education. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $4,236.54 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $4,236.54 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 8.***

    i.    At all times relevant hereto, K.B. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about November 30, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to conduct a psychiatric evaluation and functional behavior assessment, and failed to convene a MDT meeting. For relief, Plaintiff asked DCPS to fund an independent psychiatric evaluation and functional behavior assessment; convene a MDT meeting within 15 business days of receipt of the last independent assessment to review all assessments, draft an appropriate Individualized Educational Program ("IEP"), and determine an appropriate educational placement; and provide the student with private compensatory one-on-one tutoring for three hours each week for the remainder of the 2005-2006 school year. On or about February 6, 2006, Plaintiff appeared before an Impartial Hearing Officer, who

ordered the Defendant DCPS to conduct a functional behavior assessment within 20 calendar days of the issuance of the Hearing Officer's Determination ("HOD"); fund a psychiatric evaluation; convene a MDT/IEP meeting within 15 school days of receipt of the evaluations to review evaluations, review and revise the student's IEP, discuss and determine placement, discuss compensatory education, and develop a compensatory education plan. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $18,837.82 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $18,837.82 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 9***.

j.      At all times relevant hereto, J.C. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about December 2, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with an August 29, 2005 Hearing Officer's Determination ("HOD"); and failed to conduct a functional behavior assessment, review current assessments, draft an Individualized Educational Program ("IEP"), and provide compensatory education. For relief, Plaintiff asked DCPS to fund a functional behavior assessment; provide the student with compensatory one-on-one tutoring for three hours each week for the remainder of the 2005-2006 school year and the entire 2006-2007 school year; convene a MDT/IEP meeting

within ten calendar days of receipt of the functional behavior assessment to review all assessments and draft an IEP. On or about February 6, 2006, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, pursuant to which DCPS agreed to provide the parent with a copy of the student's recent functional behavior assessment or conduct a functional behavior assessment within ten school days of issuance of the Hearing Officer's Determination ("HOD"); and convene a MDT meeting within 15 school days of completion of the functional behavior assessment to reivew evaluations, develop an IDP, effectuate transfer of parental rights, discuss compensatory education, and develop a compensatory education plan. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,291.00 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $7,291.00 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 10.***

     k.     At all times relevant hereto, A.C-E. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about December 8, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with the parent's request for reevaluations. For relief, Plaintiff asked DCPS to fund all necessary reevaluations, including psycho-educational, adaptive vineland behavioral, speech/language, clinical-psychological, and neuropsychological assessments;

convene a MDT/Individualized Educational Program ("IEP") meeting within ten business days of receipt of the last reevaluation to review evaluations and revise the student's IEP; and provide the student with compensatory education services.  On or about February 8, 2006, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, pursuant to which DCPS agreed to fund clinical–psychological, speech/language, and neuropsychological evaluations; and convene a MDT/IEP meeting within 15 school days of receipt of the last evaluation to review all evaluations, review and revise the student's IEP, discuss and determine compensatory education, and develop a compensatory education plan.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines,  for reimbursement of attorneys' fees and costs in the amount of $8,462.23 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $8,462.23 is still due and owing from the Defendant.  ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 11.***

l.    At all times relevant hereto, S.C. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about December 2, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with an October 24, 2005 settlement agreement, pursuant to which DCPS agreed to convene a MDT/Individualized Educational Program ("IEP") meeting to review the student's vocational assessment and determine the amount of compensatory education

the student is owed, and failed to timely provide the student with his special education instruction and related services. For relief, Plaintiff asked DCPS to convene a MDT/IEP meeting within five business days to review all evaluations, develop an appropriate IEP, issue a Prior Notice of Placement to the Phillips School of Laurel, and develop a compensatory education plan; and fund four hours of tutoring each week until the student demonstrates age- and grade-appropriate academic functioning. On or about February 6, 2006, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, pursuant to which DCPS agreed to convene a MDT/IEP meeting within 15 school days of issuance of the Hearing Officer's Determination ("HOD") to review the student's vocational education assessment, review and revise the student's IEP, discuss compensatory education, and develop a compensatory education plan. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,620.85 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $7,620.85 is still due and owing from the Defendant. *Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 12*.

   m.    At all times relevant hereto, D.D. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about December 12, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the

Defendant DCPS failed to locate an appropriate residential placement for the student. For relief, Plaintiff asked DCPS to place and fund the student at KidsPeace Mesabi in Minnesota; complete the student's Intestate Compact Agreement within five business days and send a copy to the District of Columbia's Department of Child and Family Services' Interstate Compact Division; fax to parent's counsel a copy of the Interstate Compact Agreement within five business days; complete the student's and parent's transportation arrangements within seven business days; issue a Prior Notice of Placement within three business days; convene a MDT/Individualized Educational Program ("IEP") within 30 calendar days of the student's enrollment at KidsPeace to review and revise the student's IEP and discuss and determine if additional evaluations are necessary; fund all recommended evaluations for the student; and convene a MDT/IEP meeting within ten school days upon receipt of independent evaluations to review the evaluations and revise/update the student's IEP. On or about February 24, 2006, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, pursuant to which DCPS agreed to convene a MDT meeting within 15 school days of the date of the hearing to discuss and determine placement and discuss and determine compensatory education. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,092.70 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $7,092.70 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's***

***Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 13.***

n.     At all times relevant hereto, J.D. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about July 19, 2005 and November 23, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to follow proper procedures in suspending the student, failed to provide the student compensatory services, and failed to follow proper procedure when determining a placement where the student's Individualized Educational Program ("IEP") may be implemented.  For relief, Plaintiff asked DCPS to convene a manifestation determination meeting; and provide compensatory services in the form of 264 hours of one-on-one tutoring services, 12 hours of psychological counseling services, and 19.5 hours occupational therapy services.  On or about September 16, 2005 and January 31, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to place the student at High Road Middle School.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $4,433.82 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $4,433.82 is still due and owing from the Defendant.  ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 14.***

o.     At all times relevant hereto, D.E. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about October 4, 2005,

Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to assess the student in all areas related to the suspected disability and failed to develop an Individualized Educational Program ("IEP") that is reasonably calculated to provide a free appropriate public education ("FAPE"). For relief, Plaintiff asked DCPS to evaluate the student in all areas of suspected disability, including an audiological assessment; convene an IEP meeting to review all assessments, review and revise the student's IEP to include speech/language services, and place the student out of an open-spaced school; and provide compensatory one-on-one tutoring for each day of services the student missed due to DCPS' failure to evaluate in a timely manner. On or about January 5, 2006, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, pursuant to which DCPS agreed to convene a MDT/IEP meeting within 30 calendar days of issuance of the Hearing Officer's Determination ("HOD") to review the student's evaluations, review and revise the student's IEP, and discuss and determine placement. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,286.36 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $7,286.36 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 15.***

  p.  At all times relevant hereto, G.E. was a student in the District of Columbia

Public Schools' ("DCPS") Special Education Program.  On or about December 1, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with a September 7, 2005 Hearing Officer's Determination ("HOD"); failed to develop an appropriate Individualized Educational Program ("IEP") in a timely manner; failed to implement a program for the student; and failed to provide an appropriate placement for the student.  For relief, Plaintiff asked DCPS to fund the student's private placement with transportation; convene a MDT/IEP meeting within ten calendar days to develop an IEP for the student; fund up to five hours of one-on-one tutoring and one hour of counseling and speech therapy each week for the 2005-2006 and 2006-2007 school years; and fund an independent summer program during the 2005-2006 summer.  On or about March 3, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to convene a MDT meeting by March 20, 2006 to review all evaluations, discuss and determine placement, and complete the student's IEP; and to invite the participation of a DCPS placement specialist at the meeting.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $14,817.22 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $14,817.22 is still due and owing from the Defendant.  ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 16***.

q.      At all times relevant hereto, A.F. was a student in the District of Columbia

Public Schools' ("DCPS") Special Education Program. On or about December 23, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to fully assess the student in all areas of suspected disability, determine eligibility for special education services, draft an Individualized Educational Program ("IEP"), and provide an appropriate educational placement; and failed to complete the special education eligibility process. For relief, Plaintiff asked DCPS to fund independent psycho-educational, speech/language, social history, formal classroom observation, and clinical-psychological assessments; convene a MDT/IEP meeting within 15 business days of receipt of the last assessment to review all evaluations and draft an appropriate IEP; place and fund the student in the Rock Creek Academy on an interim basis; and provide the student with three hours of tutoring each week for the remainder of the 2005-2006 school year and the entire 2006-2007 school year. On or about March 3, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to complete within 30 days clinical-psychological and functional behavior assessments; convene a MDT/IEP meeting within 15 school days of completion of the last evaluation to review all evaluations, discuss and determine eligibility, and, if necessary, complete an IEP, and discuss and determine compensatory education. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $5,956.25 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $5,956.25 is still due and owing from the Defendant. ***Copies of the Hearing***

*Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 17.*

r.       At all times relevant hereto, T.F. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about November 21, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with a September 20, 2005 settlement agreement, pursuant to which DCPS agreed to convene a MDT meeting within 20 school days to review evaluations, revise the Individualized Educational Program ("IEP"), discuss and determine placement, and implement a September 2, 2003 compensatory education plan.  For relief, Plaintiff asked DCPS to provide the parent with copies of completed speech/language and psychoeducational evaluations; convene an IEP/Placement meeting; and provide the student with 302 hours of private compensatory one-on-one tutoring.  On or about February 16, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to convene a MDT/IEP meeting by February 28, 2006 to review all current evaluations, revise the student's IEP, discuss and determine placement, and determine if compensatory education is warranted.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $4,776.68 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her reasonable attorneys' fees and costs without reason, and $4,776.68 is still due and owing from the Defendant.  *Copies of the Hearing Request, Hearing Officer's Determination*

*("HOD"), and Invoice are attached hereto as EXHIBIT 18.*

s.        At all times relevant hereto, R.G. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about December 7, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with an October 20, 2005 settlement agreement, pursuant to which DCPS agreed to provide the student with 64 hours of specialized instruction and convene a MDT/Individualized Educational Program ("IEP") meeting.  For relief, Plaintiff asked DCPS to fund 64 hours of specialized instruction, reimburse the parent within ten business days for all expenses incurred in transporting the student to the Foundations School of Prince George's County, and fax to the parent's counsel within five calendar days a Letter of Invitation with five possible dates to convene a MDT/IEP meeting.  On or about February 7, 2006, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, pursuant to which DCPS agreed to provide 64 hours of individualized tutoring within ten school days of issuance of the Hearing Officer's Determination ("HOD").  Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $5,022.19 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $5,022.19 is still due and owing from the Defendant. *Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 19.*

t.     At all times relevant hereto, C.G. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about July 27, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to convene a MDT meeting, failed to convene an appropriate Individualized Educational Program ("IEP") team, failed to provide an appropriate IEP for the student, failed to provide compensatory education, failed to provide and/or confirm the services provided to the student, failed to provide an appropriate placement, failed to provide an appropriate level of services, failed to implement the compensatory education program, and failed to provide resolution in a timely manner.  For relief, Plaintiff asked DCPS to convene a MDT meeting within five business days to review and revise the student's IEP and her placement, discuss compensatory education, and identify an appropriate placement.  On or about January 30, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to place and fund the student at Ivymount School for the remainder of the 2005-2006 school year; convene a MDT/IEP meeting within 45 days of the student's enrollment at Ivymount to discuss and determine if additional evaluations are warranted, discuss and determine compensatory education, and develop a compensatory education plan if necessary; convene a meeting by June 30, 2006 to discuss the student's placement for the 2006-2007 school year; and review and revise the student's IEP, discuss the student's progress, and provide the parent with all existing weekly services logs for 2004-2005, determine if additional evaluations are warranted, and discuss and determine placement.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

attorneys' fees and costs in the amount of $12,834.81 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $12,834.81 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 20.***

u.      At all times relevant hereto, R.G. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about November 1, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to convene a complete Individualized Educational Program ("IEP") team, failed to revise the student's IEP, failed to comply with an October 17, 2005 Hearing Officer's Determination ("HOD") to address the continued provision of compensatory education, failed to implement the IEP and provide related counseling and occupational therapy services, and failed to provide an appropriate placement. For relief, Plaintiff asked DCPS to provide the parent with an amended IEP that includes present levels of performance in all relevant areas, a behavior plan, and additional hours of instructional services; conduct a comprehensive and updated functional behavior assessment; convene a MDT meeting within ten calendar days of completion of the assessments to review evaluations, revise the IEP, discuss compensatory education, and discuss and determine placement; provide an interim placement at either Prospect Learning Center or another suitable private placement; and provide compensatory one-on-one tutoring, additional hours of related services, and fund up to five hours of service weekly if DCPS failed to implement a compensatory education plan

within 15 calendar days.  On or about January 9, 2006 and February 13, 2006, Plaintiff

appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to fund an

independent functional behavior assessment; convene a MDT meeting within ten school days

of receipt of the assessment to update the student's IEP, consider compensatory education,

and consider placement alternatives; and afford the parent an opportunity to participate in

meetings.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney

timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for

reimbursement of attorneys' fees and costs in the amount of $3,033.14 in accordance with

the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.

Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without

reason, and $3,033.14 is still due and owing from the Defendant.  ***Copies of the Hearing***

***Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as***

***EXHIBIT 21.***

     v.       At all times relevant hereto, F.G. was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program.  On or about November

22, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the

Defendant DCPS failed to convene a MDT meeting as requested.  For relief, Plaintiff asked

DCPS to convene a MDT meeting for the student within ten school days to review the

student's Individualized Educational Program ("IEP") and progress.  On or about January 30,

2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant

DCPS to convene a Resolution Meeting by November 10, 2005 and continued the hearing

to November 28, 2005, at which time the parties were to provide the Hearing Officer with

an update concerning the status of a MDT/IEP meeting. On January 10, 2006, Plaintiff again appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, pursuant to which DCPS agreed to convene a MDT/IEP meeting within 30 calendar days of issuance of the Hearing Officer's Determination ("HOD") to review all current evaluations, review and revise the student's IEP, discuss and determine an appropriate placement for the remainder of the 2005-2006 school year, and discuss and determine compensatory education. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $14,650.10 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $14,650.10 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 22.***

   w.    At all times relevant hereto, T.H. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about December 19, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with a November 2, 2005 Hearing Officer's Determination ("HOD") to develop a compensatory education plan, failed to provide an appropriate placement, and failed to conduct a functional behavior plan. For relief, Plaintiff asked DCPS to fund interim/permanent placement to the SunRise Academy; convene a MDT meeting within 30 days pursuant to an August 1, 2005 HOD and a November 2, 2005 HOD to develop a

compensatory education plan.  On or about March 4, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to fund and place the student at SunRise Academy on an interim basis; convene a MDT meeting within 30 days of issuance of the HOD to discuss and determine compensatory education, review the student's functional behavior assessment, and discuss and determine placement; and include members from DCALA in the meeting.  Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $8,033.10 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $8,033.10 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 23.***

x.    At all times relevant hereto, A.H. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about November 3, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to evaluate the student in all areas of suspected disability.  For relief, Plaintiff asked DCPS to fund independent psychiatric and neuropsychological evaluations; convene a MDT/Individualized Educational Program ("IEP") meeting within ten business days of receipt of the evaluations to review all outstanding evaluations, revise the IEP, discuss and determine placement, and discuss and determine compensatory education; and provide the student with any hours of instruction and services that would have been required by an IEP

in the form of one-on-one tutoring and services by a private provider. On or about February 28, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to perform or fund a psychiatric evaluation within 30 calendar days of issuance of the Hearing Officer's Determination ("HOD"); and convene a MDT/IEP meeting within 15 school days of receipt of the evaluation to review all current evaluations, review and revise the IEP, discuss an determine compensatory education, and, if necessary, develop a compensatory education plan. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $10,740.39 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $10,740.39 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 24.***

y.     At all times relevant hereto, T.H. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about November 21, 2005, Plaintiffs, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to provide an appropriate program and placement for the student. For relief, Plaintiffs asked DCPS to fund the student at Accotink Academy, SunRise Academy, or an alternately appropriate placement. On or about January 26, 2006, Plaintiffs appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to convene a MDT meeting by March 3, 2006 to review all current evaluations and discuss placement alternatives, and to allow the

parent an opportunity to participate in all meetings regarding the student's placement. Plaintiffs are the prevailing parties as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $10,452.58 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $10,452.58 is still due and owing from the Defendant. *Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 25.*

z.    At all times relevant hereto, A. H. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about January 3, 2006, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with the parent's request for an independent clinical-psychological evaluation, and failed to issue a Prior Written Notice regarding the parent's request for an independent occupational therapy evaluation. For relief, Plaintiff asked DCPS to fund independent occupational therapy and other recommended evaluations; convene a MDT/Individualized Educational Program ("IEP") meeting within ten business days of receipt of the last evaluation to review all evaluations, revise the student's IEP, and determine and discuss placement; and provide the student with four hours of compensatory one-on-one tutoring each week for one year. On or about March 1, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to perform an occupational therapy evaluation within 30 calendar days of issuance of the Hearing Officer's

Determination ("HOD"); convene a MDT/IEP meeting within 15 school days of receipt of the evaluation to review all current evaluations, review and revise the IEP, discuss and determine compensatory education, and if necessary, develop a compensatory education plan. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $6,741.37 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $6,741.37 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 26.***

aa.    At all times relevant hereto, J.H. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about November 14, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with the MDT team's recommendation that the student receive occupational therapy and adaptive vineland assessments; failed to comply with a September 14, 2005 Hearing Officer's Determination ("HOD") to convene a MDT/Individualized Educational Program ("IEP") meeting to review all evaluations and revise the student's IEP. For relief, Plaintiff asked DCPS to fund independent occupational therapy and adaptive vineland assessments; complete a vocational level III evaluation within ten business days; convene a MDT/IEP meeting to review all evaluations, revise the student's IEP, and discuss and determine if a change of placement is necessary; and fund four hours of individualized

tutoring each week for one year.  On or about January 23, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to fund independent occupational therapy and vineland behavioral assessments, and convene a MDT meeting within 15 school days of receipt of the last evaluation to review all the evaluations.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $8,840.91 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $8,840.91 is still due and owing from the Defendant.  ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 27.***

bb.    At all times relevant hereto, J.H. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about December 9, 2005, Plaintiffs, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with a September 18, 2005 Hearing Officer's Determination ("HOD") to send a referral packet to the Kennedy Kreiger School on the student's behalf, and failed to place the student in an appropriate special education program.  For relief, Plaintiffs asked DCPS to provide a copy of the referral packet sent to Kennedy Kreiger within five business days; place and fund the student at Kennedy Kreiger if the student is accepted, or fund the student at St. Colleta's School or the Community School of Maryland; convene a MDT/Individualized Educational Program ("IEP") meeting within 30 calendar days of the

41

student's enrollment at a new school to review and revise the student's IEP; and fund four hours of individualized tutoring each week for two years.  On or about February 9, 2006, Plaintiffs appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, pursuant to which DCPS agreed to convene a MDT/Placement meeting by February 28, 2006, and issue a Notice of Placement either to the Kennedy Kreiger School or St. Colletta's School.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $8,001.45 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $8,001.45 is still due and owing from the Defendant.  ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 28.***

cc.    At all times relevant hereto, D.I. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about December 9, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to provide the parent with copies of completed evaluation reports, and failed to identify an appropriate placement for the student.  For relief, Plaintiff asked DCPS to fund a private placement for the student, provide copies of all evaluation reports, fund any evaluations not yet completed, provide the student with compensatory counseling and instructional services, fund the student at an appropriate private placement, and provide or fund compensatory education.  On or about February 9, 2006, Plaintiff appeared before an Impartial Hearing

Officer, who entered into the record a settlement agreement, pursuant to which DCPS agreed to place and fund the student at Pathways School on an interim basis. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $8,324.70 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $8,324.70 is still due and owing from the Defendant. *Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 29*.

dd.    At all times relevant hereto, D. J. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about December 22, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with a November 14, 2005 Hearing Officer's Determination ("HOD") to conduct all of the student's necessary evaluations, including a comprehensive psychological evaluation. For relief, Plaintiff asked DCPS to fund all necessary evaluations, convene a MDT/Individualized Educational Program ("IEP") within five business days of receipt of the last evaluation to review all evaluations and develop an appropriate IEP, and fund four hours of individualized tutoring each week for two years. On or about March 3, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to fund an independent comprehensive psychological evaluation, and convene a MDT meeting within 15 school days of receipt of the evaluation. Plaintiff is the

prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $4,290.70 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $4,290.70 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 30.***

ee.    At all times relevant hereto, R.J. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about December 16, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to provide an appropriate placement, failed to allow the parent to participate in a placement decision, and failed to comply with a July 27, 2005 settlement agreement for DCPS to convene a MDT/Individualized Educational Program ("IEP") meeting to review a clinical evaluation. For relief, Plaintiff asked DCPS to provide the student with compensatory one-on-one tutoring for three hours each week for the remainder of the 2005-2006 school year and the entire 2006-2007 school year; place and fund the student at Pathways School, High Roads School, or Rock Creek Academy; fund an independent tutor; and fund an independent vocational assessment. On or about February 17, 2006, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, pursuant to which DCPS agreed to conduct a vocational assessment within 30 calendar days of issuance of the Hearing Officer's Determination ("HOD"); convene a MDT

meeting within 15 school days of completion of the evaluation to review the evaluation, discuss and determine compensatory education, and if necessary, develop a compensatory education plan.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $12,673.24 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $12,673.24 is still due and owing from the Defendant.  **Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 31.**

ff.     At all times relevant hereto, D.J. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about November 4, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to develop an appropriate Individualized Educational Program ("IEP"), failed to convene a complete IEP team, failed to conduct comprehensive evaluations, failed to implement the student's program and provide related services, failed to provide the student with an appropriate educational placement, and failed to implement the student's compensatory education plan.  For relief, Plaintiff asked DCPS to fund a private placement for the student; fund independent compensatory tutoring services; conduct or fund a functional behavior assessment within 15 school days; convene a MDT meeting within ten calendar days of completion of assessments to review evaluations, revise the IEP, discuss additional compensatory education, and discuss and determine placement; and secure the

participation of all necessary IEP team members at the MDT meeting. On or about February 14, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to place and fund the student immediately at the High Roads School for the remainder of the 2005-2006 school year, and to convene a MDT meeting within 20 school days to develop an appropriate compensatory education plan. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $22,257.07 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $22,257.07 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 32.***

gg.     At all times relevant hereto, S.L. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about December 12, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with an August 5, 2005 Hearing Officer's Determination ("HOD") to convene a MDT meeting within 15 days upon receipt of independent evaluations to review all evaluations, update the Individualized Educational Program ("IEP"), discuss placement, and discuss and determine compensatory education. For relief, Plaintiff asked DCPS to convene a MDT meeting within ten calendar days of issuance of the HOD to increase instructional services for the student; and develop a compensatory education plan to include tutoring, make-up services, and/or funding of a private placement. On or about February 14,

2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to enroll the student immediately in the Visitation Instruction School program for a period of 45 days following the birth of the student's child; convene a meeting within 45 calendar days after the birth of the student's child to review all current evaluations, review and revise the IEP, discuss and determine an appropriate educational placement for the 2006-2007 school years, and develop an appropriate compensatory education plan. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $9,462.10 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $9,462.10 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 33***.

hh.     At all times relevant hereto, D.M. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about December 22, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with a December 1, 2005 Hearing Officer's Determination ("HOD") to convene a MDT/Individualized Educational Program ("IEP") meeting within 15 school days to review evaluations, determine the student's eligibility, develop or revise the student's IEP, discuss and determine placement, and discuss compensatory education. For relief, Plaintiff asked DCPS to convene a BLMDT/IEP meeting within five business days

upon receipt of the last evaluation to review evaluations, develop an appropriate IEP, and issue a Prior Notice of Placement to the SunRise Academy; and fund four hours of individualized tutoring each week for two years.  On or about February 21, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to convene a MDT/Eligibility/IEP/Placement meeting within 15 school days to review evaluations, review the student's eligibility, and if necessary, develop an IEP and discuss and determine compensatory education.  Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $6,803.41 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $6,803.41 is still due and owing from the Defendant.  ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 34.***

ii.     At all times relevant hereto, M.M. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about December 6, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to complete a neurological evaluation in a timely manner, failed to convene an appropriate team to review an April 29, 2005 psychiatric evaluation, and failed to provide an appropriate placement.  For relief, Plaintiff asked DCPS to fund or complete a neurological evaluation within ten calendar days; fund interim or permanent placement to Rock Creek Academy; convene a MDT meeting within five calendar days to review the

48

psychiatric and neurological evaluations, revise the student's Individualized Educational Program ("IEP"), determine placement, and determine compensatory education. On or about February 7, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to fund an independent neurological evaluation; convene a MDT/IEP meeting within 15 school days of receipt of the evaluation report to review evaluations, review and revise the IEP, discuss and determine placement, and discuss and determine compensatory education. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $8,640.77 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $8,640.77 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 35.***

jj.      At all times relevant hereto, D.M. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about December 23, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to evaluate the student in all areas of suspected disability and failed to develop an Individualized Educational Program ("IEP") that is reasonably calculated to provide a free and appropriate public education. For relief, Plaintiff asked DCPS to conduct clinical, speech/language, and psychological evaluations; convene an IEP meeting to review all evaluations, review and revise the IEP, and determine a placement; if the student requires a

residential facility, to locate an appropriate residential placement within ten business days, issue a Prior Notice of Placement, complete the student's Interstate Compact Agreement, and schedule the student's and parent's transportation arrangements; and provide or fund one-on-one tutoring for each day of services the student missed due to an inappropriate IEP.  On or about February 23, 2006, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, pursuant to which DCPS agreed to place the student at DCALA on an interim basis; complete clinical psychological and speech/language evaluations within 30 days or fund independent evaluations; convene a MDT/IEP meeting within ten school days of completion of the evaluations to review and revise the IEP, discuss and determine placement, and discuss and determine compensatory education.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,797.56 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $7,797.56 is still due and owing from the Defendant.  ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 36***.

kk.     At all times relevant hereto, D.M. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about November 30, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to implement the student's compensatory education plan.  For relief, Plaintiff asked

DCPS to provide funding for a private provider to implement the compensatory education plan. On or about February 2, 2006, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, pursuant to which DCPS agreed to begin to implement the student's compensatory education plan by march 1, 2006 or fund such services; convene a MDT meeting by February 24, 2006 to discuss and determine compensatory education due from December 2005 to the date of the meeting, and develop a compensatory education plan. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $4,958.33 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $4,958.33 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 37.***

ll.    At all times relevant hereto, M.M. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about January 5, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to conduct a triennial evaluation. For relief, Plaintiff asked DCPS to conduct a clinical-psychological evaluation; convene an Individualized Educational Program ("IEP") meeting to review evaluations, review and revise the student's IEP, and determine an appropriate placement for the student; and provide one-on-one tutoring services the student missed due to DCPS' failure to review the psycho-educational evaluation and revise the IEP.

On or about March 2, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to convene a meeting to review all outstanding assessments, revise the student's IEP, and discuss and determine compensatory education.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $14,073.82 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $14,073.82 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 38.***

mm.    At all times relevant hereto, K.M. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about December 9, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with a November 2, 2005 Hearing Officer's Determination ("HOD") for DCPS to convene a MDT meeting within 30 calendar days with all required persons in attendance, failed to develop an appropriate Individualized Educational Program ("IEP") for the student and provide an appropriate placement, and failed to provide related and instructional services during the 2005-2006 school year.  For relief, Plaintiff asked DCPS to convene a MDT meeting within ten calendar days of the issuance of the HOD to increase instructional services and to address compensatory education; develop a compensatory education plan to include individualized tutoring, make-up services, and funding of a private

52

placement; fund a private placement for the student; reimburse the parent for any out-of-pocket expenses incurred for the student's transportation during the 2005-2006 school year; and secure the participation of all necessary IEP team members at the MDT meeting.  On or about February 9, 2006, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, pursuant to which DCPS agreed to place and fund the student at Accotink Academy on an interim basis; convene a MDT/IEP meeting within 30 days of the student's enrollment at Accotink Academy to discuss and determine compensatory education.  Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $8,578.52 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for his attorneys' fees and costs without reason, and $8,578.52 is still due and owing from the Defendant.  ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 39.***

nn.    At all times relevant hereto, M.O. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about October 13, 2005, Plaintiffs, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to place the student in an appropriate placement, and failed to conduct a recommended vocational level III assessment and a recommended dedicated aide justification evaluation. For relief, Plaintiffs asked DCPS to sent out referral packets on the student's behalf to the Kennedy Kreiger School, the St. Colletta's School, and the Community School of Maryland;

issue a Prior Notice of Placement to one of the aforementioned programs within five business days of notification by the parents' counsel; fund an independent vocational level III assessment; provide the student with a dedicated aide; and convene a MDT/Individualized Educational Program ("IEP") meeting within ten business days of receipt of the vocational evaluation to review all evaluations, revise the student's IEP, and discuss and determine placement.  On or about February 1, 2006, Plaintiffs appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to convene a MDT/IEP meeting within 15 school days of issuance of the Hearing Officer's Determination ("HOD") to review and revise the student's IEP, including a dedicated aide, and to discuss and determine placement; conduct a vocational level III assessment within 45 calendar days of issuance of the HOD; and convene a MDT meeting within 15 school days of completion of the vocational evaluation to review and revise the student's IEP.  Plaintiffs are the prevailing party as that term is defined by law.  Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $13,801.73 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parents for their attorneys' fees and costs without reason, and $13,801.73 is still due and owing from the Defendant.  ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 40***.

    oo.    At all times relevant hereto, K.P. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about January 2, 2006, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS

failed to identify, locate, and evaluate the student in accordance with the requirements of the IDEIA. For relief, Plaintiff asked DCPS to fund independent social history, psycho-educational, clinical-psychological, and psychiatric evaluations convene a BLMDT/Individualized Educational Program ("IEP") meeting within ten business days of receipt of the last evaluation to review all evaluations, determine the student's eligibility for special education, and if necessary, develop an appropriate IEP, discuss and determine placement, and discuss and determine compensatory education; and provide four hours of compensatory one-on-one tutoring each week for one year. On or about February 15, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to convene a MDT/SEP meeting within 15 school days of issuance of the Hearing Officer's Determination ("HOD"). Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $8,653.31 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $8,653.31 is still due and owing from the Defendant. *Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 41.*

pp.    At all times relevant hereto, B.P. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about December 9, 2006, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with the parent's request for reevaluations. For relief, Plaintiff asked DCPS

to fund independent psycho-educational, adaptive vineland behavioral, speech/language, social history, and occupational therapy evaluations; convene a MDT/Individualized Educational Program ("IEP") meeting within ten business days of receipt of the occupational therapy evaluation to review all evaluations, revise the student's IEP, and discuss and determine placement. On or about February 13, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to fund independent social history, vineland adaptive, and speech/language evaluations; convene a MDT/IEP meeting within 15 days of receipt of the last evaluation to review all evaluations, update the student's IEP, discuss and determine compensatory education, and if necessary, develop a compensatory education plan. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,751.54 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $7,751.54 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 42.***

qq.    At all times relevant hereto, W.Q. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 28, 2006, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with a June 3, 2005 Hearing Officer's Determination ("HOD") to convene the MDT meeting in a timely manner. For relief, Plaintiff asked DCPS to fund

interim/permanent placement for the student at Rock Creed Academy until her eligibility is determined and an Individualized Educational Program ("IEP") is developed; conduct a functional behavioral assessment within five school days; and convene a MDT meeting within ten business days to determine the student's eligibility for special education, and if necessary, develop an IEP, determine compensatory education, and identify an appropriate placement. On or about November 22, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to convene a MDT/IEP meeting to develop a compensatory education plan for missed services between August 29, 2005 and November 16, 2005 and determine if a functional behavioral assessment is appropriate. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $11,926.79 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $11,926.79 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 43.***

rr.    At all times relevant hereto, J.R. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about January 5, 2006, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to classify the student's disability appropriately and provide an appropriate amount of services, failed to provide an appropriate Individualized Educational Program ("IEP"), failed

57

to convene a MDT/IEP meeting upon parental request, failed to provide full 15 hours of specialized instruction and 1.5 hours of speech/language therapy each week, and failed to provide IEP progress reports. For relief, Plaintiff asked DCPS to fund independent psycho-educational, clinical-psychological, social history, adaptive behavioral, and other recommended evaluations; provide IEP progress reports from the 2004-2005 school year; and convene a MDT meeting within ten business days of receipt of the last evaluation to review evaluations, determine eligibility, and if necessary, develop an IEP, determine compensatory education, and identify an appropriate placement. On or about March 3, 2006, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, pursuant to which DCPS agreed to complete psycho-education, vineland, and other recommended assessments within 30 days; convene a MDT/IEP meeting within 15 school days of completion of the last evaluation to review evaluations, review and revise the IEP, discuss and determine placement, and discuss and determine compensatory education. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $10,801.20 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $10,801.20 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 44.***

ss.    At all times relevant hereto, J.R. was a student in the District of Columbia

Public Schools' ("DCPS") Special Education Program.  On or about January 30, 2006, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to conduct evaluations to determine the student's eligibility for special education.  For relief, Plaintiff asked DCPS to fund independent psycho-educational, speech/language, social history, clinical-psychological, vision, and hearing evaluations, and a classroom observation; convene a BLMDT/Individualized Educational Program ("IEP") meeting within five business days of receipt of the evaluations to review all evaluations, determine the student's eligibility, and if necessary, develop an appropriate IEP, discuss placement, and develop a compensatory education plan; and provide four hours of compensatory one-on-one tutoring each week for three years.  On or about February 1, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to provide the parent with its intent to complete psycho-educational, speech/language, social history, vision/hearing evaluations, and a classroom observation by March 30, 2006; convene a MDT meeting within 15 days of receipt of the evaluations to discuss and determine placement, review all evaluations, determine eligibility, and discuss compensatory education; and allow the parent to participate in all meetings regarding the student's placement.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $5,690.94 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $5,690.94 is still due and owing from the Defendant.  ***Copies of the Hearing Request, Hearing Officer's***

***Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 45.***

tt.     At all times relevant hereto, J.R. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about November 29, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with the parent's request for reevaluations.  For relief, Plaintiff asked DCPS to fund independent psycho-educational, speech/language, social history, clinical-psychological, vision, and hearing evaluations, and a classroom observation; convene a BLMDT/Individualized Educational Program ("IEP") meeting within five business days of receipt of the evaluations to review all evaluations, review and update the student's IEP, and discuss placement; and provide four hours of compensatory education each week for three years.  On or about February 1, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to provide the parent with its intent to complete psycho-educational, speech/language, social history, vision/hearing evaluations, and a classroom observation by March 30, 2006; convene a MDT meeting within 15 days of receipt of the evaluations to discuss and determine placement, review all evaluations, determine eligibility, and discuss compensatory education; and allow the parent to participate in all meetings regarding the student's placement.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $4,753.55 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $4,753.55 is still due and owing from the Defendant.  ***Copies of***

*the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 46.*

    uu.    At all times relevant hereto, G.S. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about November 23, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with an October 20, 2005 settlement agreement, pursuant to which DCPS agreed to convene a MDT/Individualized Educational Program ("IEP") meeting within 15 school days to review the student's evaluations and revise and update the student's IEP; failed to have an appropriate IEP team at an August 16, 2005 MDT meeting; failed to include the student's occupational therapy scores, goals, and objectives in the student's IEP, failed to include the student's vineland adaptive behavior skills scores, goals, and objectives in the student's IEP, failed to place the student in an appropriate program; failed to convene a MDT/IEP meeting after a request by the parent, and failed to provide the student with all her specialized instruction and related services.  For relief, Plaintiff asked DCPS to place and fund the student on an interim basis at the Rock Creek Academy, the Ivymount School, or the Katherine Thomas School; convene a MDT/IEP meeting within 30 calendar days to develop an appropriate IEP and issue a Prior Notice of Placement to one of the schools; and provide four hours of compensatory one-on-one tutoring each week for one year.  On or about February 1, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to convene a MDT meeting by February 24, 2006 to review current evaluations, update the student's IEP, and discuss placement alternatives; and allow the parent to participate in any meeting regarding the student's placement.  Plaintiff is the

prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $8,220.09 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $8,220.09 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 47.***

     vv.    At all times relevant hereto, M.S. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about December 9, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to develop an appropriate Individualized Educational Program ("IEP") for the student, failed to identify the student as eligible for special education in a timely manner, failed to comprehensively evaluate the student in a timely manner, and failed to provide the student with an appropriate educational placement. For relief, Plaintiff asked DCPS to fund a private placement for the student; conduct speech/language, social history, and other recommended evaluations; convene a MDT meeting within ten calendar days of completion of the assessments to review the evaluations, revise the IEP, discuss compensatory education, and discuss and determine placement; secure the participation of all necessary IEP team members at the MDT meeting; and provide compensatory education. On or about February 10, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to fund and place the student at SunRise Academy, and convene a MDT meeting within 30

calendar days of his enrollment to review and revise the student's IEP and determine compensatory education.  Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $8,330.37 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $8,330.37 is still due and owing from the Defendant.  ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 48.***

ww.    At all times relevant hereto, C.S. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about December 23, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to conduct assessments and convene a MDT meeting, failed to provide appropriate transitional goals on the Individualized Educational Program ("IEP"), and failed to implement an appropriate IEP.  For relief, Plaintiff asked DCPS to fund independent speech/language and functional behavior assessments; convene a MDT/IEP meeting within 15 business days of receipt of the last completed assessment to review the assessments, draft an appropriate IEP, and determine an appropriate placement; and provide the student with three hours of compensatory tutoring each week for the remainder of the 2005-2006 school year and the entire 2006-2007 school year.  On or about February 23, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to conduct speech/language and functional behavior assessments within 30 calendar days of issuance

63

of the Hearing Officer's Determination ("HOD"); and convene a MDT/IEP meeting within 15 school days of completion of the evaluations to review the evaluations, review and revise the student's IEP, discuss and determine placement, discuss compensatory education, and develop and compensatory education plan. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $10,853.92 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $10,853.92 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 49.***

      xx.    At all times relevant hereto, M.T. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about January 6, 2006, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to provide an appropriate residential placement for the student. For relief, Plaintiff asked DCPS to fund the student's residential placement at Whisper Ridge or an alternative appropriate placement, and execute documentation required to effectuate the placement of the student at a residential facility. On or about March 3, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to place and fund the student at Whisper Ridge for the remainder of the 2005-2006 school year. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs

in the amount of $16,855.86 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $16,855.86 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 50.***

yy.    At all times relevant hereto, L.T was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about December 21, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with a September 27, 2005 settlement agreement, pursuant to which DCPS agreed to fund independent social history, psycho-educational, speech/language, and clinical-psychological evaluations, and convene a BLMDT/Individualized Educational Program ("IEP") meeting; failed to develop an appropriate IEP; failed to place the student in an appropriate placement; failed to conduct a recommended vocational and clinical-psychological assessments; and failed to provide the student with his special education instruction and related services in a timely manner. For relief, Plaintiff asked DCPS to place and fund the student on an interim basis at the Accotink Academy, the Florence Bertil Academy, Pathways School of Maryland, the SunRise Academy, High Roads Upper School of Prince George's County, or High Roads School of Washington, D.C.; convene a BLMDT/IEP meeting within ten business days of the student's enrollment at one of the aforementioned programs to develop an appropriate interim IEP; fund independent psychiatric, neuropsychological, and functional behavior assessments; convene a MDT/IEP meeting within ten business days of receipt of the last evaluation to review all evaluations,

revise the student's IEP, and discuss and determine a placement; and fund four hours of individualized tutoring each week for three years.  On or about February 21, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to place and fund the student at the Rock Creek Academy on an interim basis.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $8,768.17 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $8,768.17 is still due and owing from the Defendant.  ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 51.***

zz.    At all times relevant hereto, L.T. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about December 30, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with the parent's request for a psychiatric reevaluation.  For relief, Plaintiff asked DCPS to provide the student with home school instruction on an interim basis; conduct a psychiatric evaluation within ten school days; convene a MDT/Individualized Educational Program ("IEP") meeting within ten business days of receipt of the last evaluation to review all evaluations, and develop an appropriate IEP, discuss and determine if a residential facility is necessary; fund an independent educational evaluation; and convene a MDT/IEP meeting within ten school days after receipt of the evaluation to determine compensatory education based on the student's progress.  On or about February 28, 2006, Plaintiff appeared before

an Impartial Hearing Officer, who ordered the Defendant DCPS to provide home school instructions on an interim basis until an appropriate placement is determined; complete a psychiatric evaluation within 15 school days of the issuance of the Hearing Officer's Determination ("HOD"); convene a MDT/Individualized Educational Program ("IEP") meeting within 15 school days of receipt of the evaluation to review current evaluations, review and revise the IEP, and discuss and determine an appropriate placement.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $12,108.57 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $12,108.57 is still due and owing from the Defendant.  ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 52***.

      aaa.    At all times relevant hereto, A.W. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about November 16, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to involve the parent in the placement decision of the student.  For relief, Plaintiff asked DCPS to issue a Prior Notice of Placement for the student to attend the Florence Bertil Academy, the Pathways School of Maryland, or the High Roads School of Beltsville; provide the student with transportation; and provide the student with four hours of compensatory tutoring each week for three years.  On or about January 23, 2006, Plaintiff appeared before

an Impartial Hearing Officer, who ordered the Defendant DCPS to place and fund the student

at the High Roads School immediately for the remainder of the 2005-2006 school year, and

to provide the student with transportation.   Plaintiff is the prevailing party as that term is

defined by law.   Plaintiff's attorney timely submitted a certified invoice, conforming to

DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount

of $13,093.59 in accordance with the DCPS' requirements in Board of Education Rule 5

DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her

attorneys' fees and costs without reason, and $13,093.59 is still due and owing from the

Defendant.  ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"),***

***and Invoice are attached hereto as EXHIBIT 53.***

bbb.    At all times relevant hereto, D.W. was a student in the District of Columbia

Public Schools' ("DCPS") Special Education Program.   On or about December 21, 2005,

Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS

failed to implement the student's compensatory education plan.   For relief, Plaintiff asked

DCPS to implement the student's compensatory education plan immediately.   On or about

February 7, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the

Defendant DCPS to provide the parent within ten calendar days of issuance of the Hearing

Officer's Determination ("HOD") with any service documents for any and all compensatory

education services provided to the student or fund independent tutoring for the student.

Plaintiff is the prevailing party as that term is defined by law.   Plaintiff's attorney timely

submitted a certified invoice, conforming to DCPS attorney fee guidelines, for

reimbursement of attorneys' fees and costs in the amount of $4,475.87 in accordance with

the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $4,475.87 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 54.***

ccc.    At all times relevant hereto, K.W. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about December 5, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to implement the student's Individualized Educational Program ("IEP").  For relief, Plaintiff asked DCPS to implement the student's IEP immediately and provide one-on-one tutoring for each day of services the student missed due to DCPS' failure to implement the student's IEP.  On or about February 8, 2006, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, pursuant to which DCPS agreed to place and fund the student on an interim basis at DCALA, and convene a MDT meeting within 15 school days of issuance of the Hearing Officer's Determination ("HOD") to review and revise the student's IEP and discuss and determine placement.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $5,784.48 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $5,784.48 is still due and owing from the Defendant.  ***Copies of the Hearing Request, Hearing Officer's***

*Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 55.*

ddd.     At all times relevant hereto, K.W. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about December 12, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with a November 4, 2005 settlement agreement, pursuant to which DCPS agreed to convene a MDT/Individualized Educational Program ("IEP") meeting within 30 calendar days to issue a Prior Notice of Placement to an appropriate school for the student; and failed to reimburse the parent for costs of the student's transportation.  For relief, Plaintiff asked DCPS to convene a MDT/IEP meeting within five business days to issue a Prior Notice of Placement to the Accotink Academy, the SunRise Academy, the Phillips School, Reginald Lourie School, or the Foundations School of Prince George's County; provide the student with transportation to his new placement; fund independent psycho-educational and clinical-psychological evaluations; convene a MDT/IEP meeting to revise and update the student's IEP and discuss and determine placement; and reimburse the parent $194.93 for the student's transportation costs.  On or about February 17, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to immediately reimburse the parent for the student's transportation costs based on submitted reimbursement documentation, and schedule a MDT/IEP meeting within 15 school days of issuance of the Hearing Officer's Determination ("HOD") to discuss and determine placement.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $6,876.56 in accordance with

70

the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $6,876.56 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 56.***

eee.     At all times relevant hereto, T.W. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about January 3, 2006, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to implement the student's Individualized Educational Program ("IEP"). For relief, Plaintiff asked DCPS to implement the student's IEP immediately, and fund the student to a school of the parent's choice and issue a Prior Notice of Placement. On or about February 28, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to convene a MDT meeting by March 29, 2006 to discuss and determine placement, review current evaluations, discuss the student's behavior and the need for a Behavior Intervention Plan, and develop an IEP; and allow the parent to participate in any meeting regarding the student's placement. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $5,055.34 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $5,055.34 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are***

*attached hereto as EXHIBIT 57.*

fff.    At all times relevant hereto, L.W. was a student in the District of Columbia

Public Schools' ("DCPS") Special Education Program.  On or about January 6, 2006,

Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS

failed to comply with a December 13, 2005 Hearing Officer's Determination ("HOD") for

DCPS to convene a MDT/Individualized Educational Program ("IEP") meeting to review

current evaluations, review and revise the student's IEP, and discuss and determine an

appropriate educational placement for the remainder of the 2005-2006 school year; failed to

comply with an April 1, 2005 HOD for DCPS to convene a MDT/IEP meeting to review

evaluations, review and revise the student's IEP, discuss and determine placement, and

discuss and determine compensatory education; failed to develop an appropriate IEP for the

student; failed to develop a Behavior Intervention Plan as part of the student's IEP; failed to

provide an appropriate placement; and failed to provide the student with his necessary special

education instruction and related services.  For relief, Plaintiff asked DCPS to fund the

student at the Phillips School of Laurel, SunRise Academy, Accotink Academy, or the Rock

Creek Academy for the remainder of the 2005-2006 school year; convene a SEP/MDT/IEP

meeting within ten calendar days to determine what evaluations are needed, revise and

complete an interim IEP for the student, and discuss and determine compensatory education;

fund all recommended additional evaluations; convene a MDT/IEP meeting within five

business days of receipt of the last evaluation to review evaluations, revise and update the

student's IEP, and discuss and determine compensatory education; and fund all

recommended compensatory education.  On or about March 3, 2006, Plaintiff appeared

72

before an Impartial Hearing Officer, who ordered the Defendant DCPS to convene a MDT meeting by March 24, 2006 to discuss and determine placement, review current evaluations, and develop an IEP; and allow the parent to participate in any meeting regarding the student's placement.   Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $5,529.79 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $5,529.79 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 58.***

      ggg.   At all times relevant hereto, A.W. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about December 22, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to develop an appropriate Individualized Educational Program ("IEP") for the student, failed to convene a meeting as agreed upon/recommended, failed to comprehensively evaluate the student for special education services, failed to implement the student's IEP, and failed to provide an appropriate placement for the student.  For relief, Plaintiff asked DCPS to provide an interim placement for the student at Prospect Learning Center or fund the student at the Chelsea School; fund a functional behavior assessment; convene a MDT meeting within ten calendar days of completion of the evaluations to review the evaluations, revise the IEP, discuss compensatory education, and discuss and determine placement; secure

the participation of all necessary IEP team members at the MDT meeting; and provide compensatory education.  On or about February 21, 2006, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, pursuant to which DCPS agreed to perform a functional behavior assessment within 30 calendar days of the issuance of the Hearing Officer's Determination ("HOD") convene a MDT/IEP meeting within ten school days of receipt of the evaluations to review current evaluations, review and revise the student's IEP, discuss and determine an appropriate placement for the remainder of the 2005-2006 school year, consider compensatory education, and develop a compensatory education plan.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $13,442.01 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $13,442.01 is still due and owing from the Defendant.  ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 59.***

hhh.    At all times relevant hereto, V.Z. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about October 13, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to provide an appropriate placement for the student and failed to conduct an annual review of the student's Individualized Educational Program ("IEP").  For relief, Plaintiff asked DCPS to provide funding and transportation to the Rock Creek Academy on an interim

or permanent basis, and convene a MDT meeting within ten business days to revise the student's expired IEP. On or about February 7, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to convene a MDT meeting, if the student is released from detainment prior to his 22nd birthday, within 30 calendar days of the student's release to review the student's Woodcock Johnson evaluation and update the student's IEP. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $18,487.26 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $18,487.26 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 60.***

5.    The District of Columbia is a municipal corporation that receives federal financial assistance and, therefore, is required to comply with the IDEIA, Section 504 and this Court's decision in *Mills v. District of Columbia Bd. of Educ.*, 348 F. Supp. 866 (D.D.C. 1972).

6.    Clifford Janey is the Superintendent of the District of Columbia Public Schools System ("DCPS") and the Chief State Officer, and, as such, is responsible for ensuring that all disabled children in the District of Columbia receive a free appropriate public education ("FAPE") and that their rights to equal protection and due process of law are protected. Plaintiffs are suing Clifford Janey in his official capacity.

## FACTUAL ALLEGATIONS

7.    Plaintiffs are all "prevailing parties" as defined in *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939 (D.C. Cir. 2005)(citing *Buckhannon Board and Care Home, Inc., v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001), and are entitled to recover reasonable attorneys' fees and costs.

8.    On or about March 17, 2006, Plaintiffs, through counsel, timely submitted their invoices for reimbursement of reasonable attorneys' fees and costs to Defendant.

9.    That according to Defendant "Guidelines for the Payment of Attorney Fees in IDEA Matters," invoices for reimbursement of reasonable attorneys' fees are considered denied if not acknowledged within 60 days of submission.

10.    That more than 60 days have elapsed since the Plaintiffs, through counsel, timely submitted their invoices for reimbursement of reasonable attorneys' fees and costs to Defendant, and Defendant have neither acknowledged the submissions nor remitted payment. Therefore, under the Guidelines established by the Defendant, Plaintiffs' invoices are considered denied by Defendant.

11.    That Defendant have refused and/or failed to reimburse the Plaintiffs and have not provided an explanation.

12.    That in denying full reimbursement to Plaintiffs as and for their attorneys' fees and costs, the Defendant has knowingly, intentionally, and in contravention of settled law, substituted its own subjective standards for the standards articulated by the IDEA and this Court.

13.    That additionally, the Defendant has similarly refused to pay Plaintiffs' costs

76

and billings associated with work performed by paralegal/legal assistants.

14.    That a party prevails if "there has been a court-ordered change in the legal relationship between the plaintiff and the defendant" and "in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Selected Milk Producers, Inc. v. Johanns*, 400 F.3d 939 (D.C. Cir. 2005)(citing *Buckhannon,* 532 U.S. at 603-04).

15.    That the Plaintiffs herein are "prevailing parties" as this term is defined in *Selected Milk Producers, Inc*.

16.    That the Defendant offered Plaintiffs Bodrick, Richardson, Chase-El, Sherrod, Darden, Elvis, Gaines, Guzman, Hoover, Johnson, Jones, Mitchell, Moore, Ballard, Amaya, Watson, and Wingate all or some of the relief sought in their due process hearing request.

17.    That the Defendant offered to settle these claims on the record before an Impartial Due Process Hearing Officer, the provisions of which were later incorporated into Hearing Officer's Determination.

18.    That the agreements were properly incorporated into a hearing officer's determination (HOD), and that the Defendant was ordered to undertake or refrain for some conduct consistent with IDEA.

19.    That each of these parents are prevailing parties and may be awarded attorneys' fees when they prevail against the schools system in administrative proceedings.

20.    That Plaintiffs' bring this complaint and motion for attorneys' fees pursuant to the Civil Rights Act, 42 U.S.C. §1983, to enforce their statutory rights under the IDEIA, and are thus entitled to an award of attorneys' fees pursuant to 42 U.S.C. §1988.

21.    That 42 U.S.C. §1988 provides that"[i]n any action or proceeding to enforce

77

a provision of sections. . . 1983. . ., the court, in its discretion, may allow the prevailing, other than the United States, a reasonable attorney fee as a part of the costs."  42 U.S.C. §1988

22.     That in *Grano v. Barry*, the Court determined that "[t]he District Court must award attorney fees to the prevailing parties in civil rights litigation unless special circumstances would render such an award unjust." See *Grano v. Barry,* 783 F.2d 1104 (D.C. Cir. 1986).

23.     That the amount of attorneys' fees awarded "shall be based on rates prevailing in the community in which the action arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).

24.     That the rate for "reasonable" attorneys' fees has been established by cases decided in the District of Columbia.  *See, e.g.*, *Bailey v. District of Columbia*, 839 F. Supp. 888 (D.D.C. 1993).

25.     That the current billing rates for the attorneys, as evidenced by the invoices attached as ***EXHIBITS*** hereto, are reasonable and consistent with the prevailing market rates in the District of Columbia.

26.     That the Plaintiffs had settled expectations that if they prevailed, they would be entitled to recover "reasonable" attorneys' fees at the rates "prevailing in the community" for the legal services provided by their attorneys.

27.     That in the case *sub judice*, the refusal of the Defendant to pay Plaintiffs' Attorney Fee Application is arbitrary, capricious and without a basis in law or fact.

28.     That IDEA and this Court clearly allow for the recovery of reasonable costs

associated with claims brought by prevailing parties such as the Plaintiffs herein.

29.     That Defendant has summarily refused to pay Plaintiffs' applications for all costs and fees associated with their cases.

## COUNT I

30.     That Plaintiffs repeat and re-allege paragraphs 1 through 29, above.

31.     That Defendant violated the Plaintiffs' right to reasonable fees under the IDEIA  when it failed to reimburse Plaintiffs for reasonable attorneys' fees and cost for all of the submitted bills.

## COUNT II

32.     That Plaintiffs repeat and re-allege paragraphs 1 through 31, above.

33.     That Defendant has violated one or more specific provisions of the IDEIA, more specifically, the right to counsel provision, as well as, the fee shifting provision.

34.     That even though Plaintiffs have timely submitted invoices in accordance with the November 2004 Attorney Fee Guidelines Memorandum,  more than sixty days have passed and the Defendant has offered no reason for denial of reimbursement of reasonable attorney fees.

35.     That the Defendant's conduct continues to interfere and frustrates a parent's ability to obtain and retain competent legal counsel.

36.     That since the remedies offered under the IDEIA are inadequate to redress the harm suffered, the Plaintiffs, under 42 U.S.C §1983, are enforcing their rights pursuant to the IDEIA, and thus are entitled to reimbursement for attorneys

fees for litigating this action, as well.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

1.      Issue a declaratory judgment that the Defendant have violated Plaintiffs' rights under the IDEIA and DCMR;

2.      Order that Plaintiffs are entitled to reimbursement for their reasonable attorney fees;

3.      Award Plaintiffs reasonable Attorneys' Fees and Costs in the sum of $570,148.04;

4.      Award to Plaintiffs reasonable attorneys' fees and costs incurred in litigating this action; and

5.      Grant other such relief that the Court deems just and proper.


Respectfully Submitted,

_____
Tilman L. Gerald [928796]
Roxanne D. Neloms [478157]
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, D.C. 20005
(202)742-2000
***Attorneys for Plaintiffs***