## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ | : |
| **MARIA ABARCA, for** | : |
| **C.A., a minor, et al.,** | : |
| | : |
| **Plaintiffs,** | : |
| | : |
| v. | :    **Civil Action No. 06-1254 (RCL)** |
| | : |
| **DISTRICT OF COLUMBIA, et al.,** | : |
| | : |
| **Defendants.** | : |
| _____ | : |

## DEFENDANTS' MOTION TO DISMISS

The Defendants, by counsel, hereby move, pursuant to Fed. R. Civ. P. 12(b)(6), for dismissal of Plaintiffs' Complaint. By praecipe filed October 5, 2006, the Plaintiffs voluntarily dismissed or withdrew all of the Plaintiffs' claims except those of A.B., D.E., T.F., J.H. and A.W. As to all the remaining Plaintiffs, they have failed to state a claim under 42 U.S.C. § 1983 for which relief may be granted. As to A.B., T.F. and D.E., they are not prevailing parties under the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 et seq. ("IDEIA") and their claims should be dismissed.

The reasons for the motion are set forth in the accompanying memorandum of points and authorities, and an appropriate proposed order is also submitted.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ _Edward P. Taptich_**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

**/s/ _Amy Caspari_**
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794
email:  amy.caspari@dc.gov

October 26, 2006

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MARIA ABARCA, for | : | |
| C.A., a minor, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 06-1254 (RCL) |
| | : | |
| DISTRICT OF COLUMBIA, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**

On July 12, 2006, sixty (60) named plaintiffs filed a Complaint for reimbursement of attorneys' fees and costs, asserting that they were "prevailing parties" in administrative proceedings pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 et seq. ("IDEIA"). By praecipe filed October 05, 2006, the Plaintiffs voluntarily dismissed or withdrew all of the Plaintiffs' claims except those of A.B., D.E., T.F., J.H. and A.W.

The Complaint (paragraph 1) states that it is being filed pursuant to the IDEIA, Title V of the District of Columbia Municipal Regulations ("DCMR"), and 42 U.S.C. §§1983 and 1988. As shown below, however, Plaintiffs' Complaint on its face is deficient as a matter of law in a number of regards, and must be dismissed in those respects.

## ARGUMENT

**I.      Standards for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6).**

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the plaintiff

bears the burden of establishing that the court has jurisdiction.  *See* District of Columbia

Retirement Board v. United States, 657 F. Supp. 428, 431 (D.D.C. 1987).  Dismissal

pursuant to Rule 12(b)(6) is appropriate when a complainant has failed to set forth a claim

for which he/she is entitled to relief.  *See* Conley v. Gibson, 355 U.S. 41, 45-46 (1957)

(holding complaint should be dismissed pursuant to Fed. R. Civ. P. 12 "[u]nless it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would have entitled him to relief").

In reviewing the sufficiency of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), a

court must consider the facts presented in the pleading as true and construe them and all

reasonable inferences in the light most favorable to the plaintiffs.  *See* Scheuer v. Rhodes,

416 U.S.232, 236 (1974) (quoting Conley v. Gibson, 355 U.S. 41-56-46 (1957) and citing

Gardner v. Toilet Goods Assn., 387 U.S. 167, 172 (1967)).  However, the court need not

consider inferences that are unsupported by the facts or legal conclusions framed as facts.

*See* Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Because Plaintiffs have attached exhibits to their complaint, the Court may consider

those materials in ruling on a Rule 12(b)(6) motion.  *See* Messerschmidt v. United States,

2005 U.S. Dist. LEXIS 3954 (D.D.C. 2005)( motion to dismiss was not converted to

motion for summary judgment when attached thereto were prior court opinions relating to

the allegations in the complaint and which were matters of public record.) *See also* Abbey

v. Modern Africa One, LLC, 2004 U.S. Dist. LEXIS 2392, *605 (D.D.C. 2004),

("In a motion to dismiss, the Court may consider facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint, and matters of which the Court may take judicial notice", *citing* Baker v. Henderson, 150 F. Supp. 2d 17, 19 (D.D.C. 2001)).

II.    **Dismissal of the Claims Herein is Required.**

    A.    **Plaintiffs Failed to Sufficiently Plead a § 1983 Claim.**

In the Complaint, it is asserted that the claims for attorney fees are brought pursuant to 42 U.S.C. § 1983, to enforce Plaintiffs' statutory rights under the IDEIA. (Complaint para. 20)  However, Plaintiffs' § 1983 claims fail for several reasons: (a) Plaintiffs' Complaint does not sufficiently plead a predicate violation of FAPE, (b) the right to attorneys fees under the IDEIA and § 1988 is not a right independently enforceable through §1983, and (c) Plaintiffs have failed to plead custom, policy, and practice as required by Monell v. Dep't of Soc. Servs., 436 U.S. 658 (U.S. 1978); Daskalea v. District of Columbia, 227 F.3d 433, 441 (D.C. Cir. 2000).

In order to sufficiently plead a § 1983 claim based upon a violation of the IDEIA, plaintiffs must satisfy a four-part test: (1) that the defendant violated IDEIA, (2) that "exceptional circumstances" exist, such that the conduct of the defendant causing the IDEIA violation was "persistently egregious" and prevented or frustrated plaintiff from securing equitable relief under the IDEIA, (3) that the District of Columbia has a custom or practice that is the moving force behind the alleged IDEIA violations, and (4) that normal remedies offered under the IDEIA- specifically compensatory education – are inadequate to compensate plaintiff for the harm that he or she allegedly has suffered.  R.S. v. District of

Columbia, 292 F. Supp. 2d 23, 29 (D.D.C. 2003), *citing* Walker v. District of Columbia, 157 F. Supp. 2d 10, 11 (D.D.C. 2001).

In Jackson v. District of Columbia, Civ. No. 02-0968, (D.D.C. September 21, 2003), slip op. at 9, the court found the first element of a §1983 claim to be satisfied where there was a denial of FAPE in violation of the IDEIA. West v. Atkins, 487 U.S. 42, 48 (1988)(to state a claim under § 1983, a plaintiff must first establish the violation of a right secured by the Constitution or laws of the United States.) In our case, as to A.B., T.F. and D.E., these Plaintiffs fail this initial burden because the hearing officers state in their determinations that DCPS *did not* deny the student a FAPE.[1] (Complaint Exhibits 6, 18, 15, HODs) Thus, because there is no violation of the laws of the United States, Plaintiffs cannot prove a prima facie case as to a § 1983 claim.[2]

Moreover, the "right to reasonable attorney's fees" under the IDEIA is not an absolute right to fees. The statute conferring this "right" is couched in precatory terms, providing that a court, *in its discretion*, may award reasonable attorneys fees. 20 U.S.C. § 1415(i)(3)(B). The Supreme Court has held that when determining whether a particular statutory provision gives a right enforceable under Section 1983, "the statute must [inter alia] unambiguously impose a binding obligation . . . . In other words, the provision giving rise to the asserted right must be couched in mandatory, rather than precatory, terms." Blessing v. Freestone, 520 U.S. 329, 340 (1997). Thus, the "right to reasonable attorneys fees" under the IDEIA is not a right enforceable through §1983. See also Kaseman v.

---

[1] As to T.F., the HOD *stated that no prevailing party status could be defined*. The hearing officer reached no conclusion that T.F. had been denied FAPE. (Complaint Exhibit 18, HOD)

[2] The only arguable violation of the IDEIA fee provision might occur if a court were to find plaintiffs are prevailing parties, award attorney fees and Defendants failed to pay the award of attorney fees. None of these events has occurred.

District of Columbia, 329 F.Supp. 2d 20, 29 (D.D.C. 2004), rev'd on other grounds, Kaseman v. District of Columbia, 444 F.3d 637 (D.C. Cir. 2006)(IDEA attorneys fees provision is couched in "precatory terms." "It cannot be argued that DCPS has violated a right within the meaning of Section 1983 by failing to fully and timely reimburse plaintiffs for the fees incurred during administrative proceedings").

Finally, while there is no heightened pleading requirement for a § 1983 claim alleging municipal liability, "a section 1983 complaint alleging municipal liability must include some factual basis for the allegation of a municipal policy or custom." Atchinson v. District of Columbia, 73 F.3d 418, 422 (D.C. Cir. 1996). Though the D.C. Circuit has not required a plaintiff to "[p]lead law or match facts to every element of a legal theory [in a 1983 claim]," Sparrow 216 F.3d at 1115, it still requires that the complaint "include some factual basis for the allegation of a municipal policy or custom." Atchinson v District of Columbia, 73 F.3d 418, 422 (D.C. Cir. 1996). See R.S. v. District of Columbia, 292 F. Supp. 2d 23 (D.D.C. 2003). And, in a 2003 decision, the Court, while observing that "the threshold to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is quite low," nonetheless dismissed any claims under § 1983 in the absence of complaint allegations relating to three of the four elements of a violation of the statute. Jackson v. District of Columbia, supra slip op. at 10. Among other things, the Court observed that "[n]othing in plaintiffs' Complaint, other than the invocation of Section 1983 itself, suggests a claim based upon any custom, policy statement, or procedure of the District of Columbia." Id. See also Lavon Savoy-Kelly v. Eastern High School, Civ. No. 04-1751 (D.D.C. April 14, 2006) slip op. at 10.

Given the fact that Plaintiffs have made no effort to establish § 1983 liability by pleading any facts beyond an IDEIA violation (Complaint paras.1, 2, 20, 21, 22 and 36), all the remaining Plaintiffs' § 1983 claims should be dismissed. See <u>Spilsbury v. District of Columbia</u>, 377 F.Supp. 2d 1, 11 (D.D.C. 2005)(Court refused to entertain § 1983 fee petition in IDEA matter where plaintiff failed to distinguish his § 1983 claim by pleading "policy, practice and custom" pursuant to <u>Monell</u>.) [3]

### B.    Plaintiffs are not "prevailing parties" entitled to attorneys' fees under IDEIA.

IDEIA provides, in relevant part, that "[in] any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a *prevailing party* who is the parent of a child with a disability." 20 U.S.C. § 1415 (i)(3)(B) (emphasis added).

> Although the IDEA does not define prevailing party, the Supreme Court has held that a plaintiff is a prevailing party for purposes of being awarded attorney's fees when the party has secured, inter alia, a judgment on the merits or a court ordered consent decree. <u>Buckhannon Bd. and Care Home, Inc. v. W. Virginia Dep't of Health and Human Res</u>., 532 U.S. 598, 603-04 (2001).

<u>Lopez v. District of Columbia</u>, Civ. No. 03-1665 (D.D.C., January 26, 2005), slip op. at 1-2. In this jurisdiction, it is well settled that, to be a prevailing party entitled to attorneys' fees under IDEIA, claimants must demonstrate that they received a favorable decision on the merits of their administrative or judicial action. <u>Alegria v. District of Columbia</u>, U.S. Dist. LEXIS 16898 (D.D.C. 2002), <u>aff'd</u>, 391 F. 3d 262, 265 (2004), citing <u>Buckhannon</u>

---

[3] In addition to the IDEIA and The Civil Rights Act, Plaintiffs assert that this action was brought under Title 5 of the District of Columbia Code of Municipal Regulations. (Complaint para. 1) However, this Court is one of limited jurisdiction solely authorized by the Constitution and federal statutes, and such claims asserted under state law are properly brought in the Superior Court of the District of Columbia. <u>Bailey v. Potter</u>, Civ. No. 98-2224 (D.D.C. September 26, 2005 ), slip op. at 5.

Board and Care Home Inc. v. West Virginia Dep't of Health and Human Resources, 532 U.S. 598 (2001).

Under the IDEIA, disabled students are entitled to a free appropriate public education ("FAPE"). 20 U.S.C § 1412(a)(1). And this central entitlement is the fundamental touchstone for all of the specific rights conveyed by the statute. E.g., Park v. Anaheim Union High Sch. Dist., 2006 U.S. App. LEXIS 24638, *25 (9th Cir. 2006) ("At the heart of the Act are the requirements that all disabled children receive a free appropriate public education"). Where a FAPE is denied, the statute provides Plaintiffs the right to seek relief. 20 U.S.C. § 1415(f) – (i). If a denial of FAPE is found to have occurred, parents and children are entitled to "such relief as the court determines is appropriate," 20 U.S.C. § 1415(i)(2)(B)(iii). And where such a finding is made, the plaintiffs are plainly "prevailing parties" entitled to reasonable attorneys' fees under IDEIA.

The contrary is also clear: where a hearing officer does *not* find that a student has been denied a FAPE, or affirmatively finds that a student has *not* been denied a FAPE, the student/parent/plaintiff cannot be found to be a prevailing party. That is just the circumstance with respect to the claims of A.B., T.F. and D.E. With respect to A.B., the hearing officer determination ("HOD") relied on specifically states that DCPS *has provided* a FAPE to A.B. (Complaint para. 4(f), Complaint Exhibit 6)[4] As to T.F., the HOD involved reached no conclusion that the student had been denied a FAPE, specifically stating that "[n]o prevailing party status can be defined." (Complaint para. 4(r), Complaint

---

[4] See Complaint Exhibit 6, HOD, p. 6 :

> A preponderance of the evidence supports DCPS position that the MR classification is an appropriate classification for A.B….The disputed multiple classification of MR/OHI was not applied because the student did not exhibit any behavioral misconduct in the classroom including any disruptive actions, which would warrant the inclusion of the OHI classification. Under this set of circumstances, the student was not denied a free appropriate public education.

Exhibit 18, HOD)[5]  The HOD relied on by D.E. specifically eschewed any finding of a denial of FAPE. (Complaint para. 4(o), Complaint Exhibit 15, HOD)[6]

In each of these three cases, the Complaint appears to claim that, because some form of "relief" was granted, "prevailing party" status was nonetheless conveyed.  Thus A.B. alleges he was a prevailing party because the hearing officer ordered an exit evaluation, as required by the IDEIA, in order to properly terminate a portion of A.B.'s existing Other Health Impaired ("OHI") special education classification if appropriate. (Complaint para. 4(f), Exhibit 6, HOD)  T.F. alleges he is a prevailing party because the hearing officer ordered DCPS to convene a multi-disciplinary team/individualized education program ("IEP/MDT") meeting that had not been convened pursuant to an earlier settlement agreement.  (Complaint para. 4(r), Complaint Exhibit 18, HOD)  And D.E. alleges he is a prevailing party because the hearing officer ordered DCPS to convene an MDT/IEP meeting to review the student's evaluations, to review and revise the student's IEP, as appropriate, and to discuss and determine the placement. (Complaint para. 4(o), Complaint Exhibit 15, HOD)

However, Plaintiffs are wrong that they are prevailing parties because they received some "relief" because none of these HODs favorably ruled on the merits of the issues identified in the respective administrative hearing complaints.  The remedies ultimately

---

[5]See Complaint Exhibit 18, HOD, p. 2:

> No prevailing party status can be defined given the number of invitations sent and the failure of Petitioner's counsel to include the September 2005 Settlement Agreement in Petitioner's disclosures to demonstrate the time period within which DCPS agreed to convene the meeting. . . .

[6] See Complaint Exhibit 15, HOD, p. 2 :

> The agreement reached on the record by the parties is in the best interest of the student and, therefore, a Hearing Determination is hereby issued incorporating the agreement as stated.  There is no denial of FAPE in this matter.

ordered merely assisted the parties in resuming or improving the delivery of special education services where no denials of FAPE were found.

First, each of the three Plaintiffs alleged that various forms of compensatory education were due and owing by DCPS for denials of FAPE. However, there were no denials of FAPE found and no compensatory education awarded in any case. Specifically, A.B. had sought a finding that DCPS failed to properly continue to identify him as OHI; failed to develop an appropriate IEP; failed to timely provide services; and that DCPS should be ordered to convene an exit examination to re-classify A.B. as OHI, fund a private placement; and fund tutoring. The only remedy of substance that was ordered, however, was an exit evaluation as to A.B.'s OHI classification.[7] (Complaint Exhibit 6, HOD)

T.F.'s hearing request sought a finding that DCPS failed to develop an appropriate IEP; failed to timely reconvene an MDT/IEP; and that DCPS should be ordered to convene an MDT/IEP meeting; provide three hundred and two (302) hours of compensatory education; provide parents with copies of the completed speech/language evaluation and psycho-educational evaluation; and fund tutoring. But the only remedy of substance ordered as to T.F. was an MDT/IEP meeting. (Complaint Exhibit 18, HOD) D.E.'s hearing complaint, alleged that DCPS had failed to appropriately assess him and thus failed to develop an appropriate IEP and placement; Plaintiff sought new evaluations, a new IEP, placement and private tutoring. After a settlement on the record, however, the HOD ordered an MDT/IEP meeting to review the student's evaluations, review and revise the student's IEP and discuss and determine placement. (Complaint Exhibit 15, HOD)

---

[7] The effect of an OHI exit evaluation would officially terminate or "declassify" a special education classification if appropriate. In this case, parents are disputing whether DCPS correctly declassified A.B. as OHI.

Moreover, even if the action(s) ultimately taken by the hearing officers are considered, they are by any reasonable measure "de minimis," and do not provide a basis for an award of attorneys' fees.  The court in Park v. Anaheim Union High Sch. Dist., *supra,* stated that:

> [W]e have held that if success is insignificant, then a court may find that a party that succeeds on some claims is nonetheless not a prevailing party.  Specifically, attorney's fees may be properly denied "[w]here the plaintiff's success on a legal claim can be characterized as purely technical or de minimis." Kletzelman, 91 F.3d at 71 (internal quotation marks omitted).

Id. at 23-24  In Berger v. Medina City School District, 348 F. 3d 513 (6th Cir. 2003), the Sixth Circuit affirmed a district court decision holding that although the student had been denied FAPE due to the inadequacy of his IEP, the plaintiffs were not entitled to attorney fees as a prevailing party because they were unsuccessful in recovering reimbursement for "the significant issue in the litigation", his private school education.  Id. at 526.

In Linda T. v. Rice Lake Area Sch. Dist., 337 F. Supp. 2d 1135 (D. Wis. 2004), aff'd, 417 F.3d 704 (7th Cir. 2005), although the student's IEP was significantly revised, plaintiffs lost on the placement issue, which the court concluded was the most significant issue to them, and thus, the revised IEP was "de minimis" and did not support an attorney's fee award.  In J.S. v. Lenape Regional High Sch. Dist. Bd. of Educ., 102 F. Supp. 2d 540 (D.N.J. 2000), the court refused to award attorney fees even though plaintiffs succeeded in obtaining a change in the student's educational placement.  The main issue for decision was whether the school district's transfer of a learning-disabled student from one school to another within the same district, where that transfer did not effect a substantive change in the child's Individual Education Plan (IEP), constituted a "change in educational placement".  The court held it did not.

In <u>J.K. v. Fayette County Bd. of Educ</u>., 2006 U.S. Dist. LEXIS 56792, *10-11 (D. Ky. 2006), in denying attorney fees, the court held that the student had not prevailed on any significant issue in litigation.  Further, the court order did not bring about a material alteration of the parties' legal relationship --a *quid pro quo* for prevailing party status -- *when it in fact it ordered some relief* (emphasis added):

> Although this court directed the LEA to conduct an [MDT] meeting as soon as practicable and develop a proper IEP for J.K, it does not follow that these requirements created any change in the parties' legal positions. As the LEA correctly points out, this affirmation of the LHO's opinion did not direct the LEA to take any affirmative action that it had not already taken or planned to take in the future. Indeed, the ruling did not even create any obligations on the part of the LEA that were not already demanded of it. Pursuant to federal law, an LEA is required to establish an IEP for a disabled child and update, develop, and adjust the IEP as needed. See 34 C.F.R. §§ 300.340-300.347. An order requiring a government agency to perform a pre-existing duty cannot be said to generate a meaningful alteration of the parties' legal relationship.

<u>Id</u>. at 11.

Accordingly, as to A.B., while the hearing officer did order an exit evaluation, the hearing officer did not grant the new OHI classification as requested by the parents, one of their primary claims in the hearing complaint, nor did the HO grant his request for private school placement, tutoring and funding. (Complaint, Exhibit 6, HOD)

As to T.F., because DCPS showed they made various attempts to hold the very meeting that Plaintiffs were requesting at the due process hearing, hearing officer stated that no prevailing party status could be determined.  That DCPS made several attempts to conduct an IEP meeting, even though such meeting was never convened, would only demonstrate a technical violation, if one occurred at all, which did not warrant a denial of FAPE or rise to substantial relief on the merits of the Plaintiffs' claims. (Complaint Exhibit 18, HOD)  While D.E. included twenty one (21) paragraphs of requested relief in his

hearing complaint, primarily arising from D.E.'s allegation that DCPS failed to properly place D.E., he reached a settlement on the record at hearing where he simply agreed to an MDT/IEP meeting to review evaluations, review and revise the IEP and discuss and determine placement. None of the compensatory relief he was seeking in his complaint was ordered. (Complaint Exhibit 15, Hearing Request and HOD)

In all three cases, the hearing officers did not favorably rule on the merits Plaintiffs' demands for placement, reimbursement, tutoring, classification and other compensatory education, and merely ordered DCPS to perform pre-existing duties that were designed, not to award compensatory education for denials of FAPE, but to properly terminate the IDEIA complaint. As noted earlier, however, "[a]n order requiring a government agency to perform a pre-existing duty cannot be said to generate a meaningful alteration of the parties' legal relationship." J.K. v. Fayette County Bd. of Educ., *supra*, and without a meaningful alteration of the parties legal relationship, prevailing party status cannot be found.

## CONCLUSION

Since the Plaintiffs' entitlement to attorneys' fees in this case arises under the IDEIA, and because the complaint does not allege any of the elements necessary to establish liability under §1983 of the Civil Rights Act, the Court may not award plaintiffs' attorneys fees under that statute, and any such claims must be dismissed.

Moreover, to the extent that A.B., T.F. and D.E. are not prevailing parties under IDEIA, they have no entitlement to fees even under that statute. Accordingly, dismissal of these claims is appropriate.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

*/s/ Amy Caspari*
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794
October 26, 2006                email:  amy.caspari@dc.gov

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---------------------------------------------------------------

|  |  |
|---|---|
| **MARIA ABARCA, for C.A., a minor, et al.,** | : |
|  | : |
|  | : |
|  | : |
| **Plaintiffs,** | : |
|  | : |
| **v.** | :    **Civil Action No. 06-1254 (RCL)** |
|  | : |
| **DISTRICT OF COLUMBIA, et al.,** | : |
|  | : |
| **Defendants.** | : |

---------------------------------------------------------------

**<u>ORDER</u>**

Upon consideration of Defendants' Motion to Dismiss the Complaint, any

responses thereto, and the record herein, it is, this_____ day of _____, 2006,

**ORDERED,** that Defendant's Motion to Dismiss is GRANTED, it is

**FURTHER ORDERED**, that all claims in the complaint under 42 U.S.C. § 1983

are dismissed with prejudice; and it is

**FURTHER ORDERED**, that the claims of A.B., T.F. and D.E. are dismissed with

prejudice.

_____
United States District Judge

16