IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARIA ABARCA, <u>et al</u>** )<br>)<br>)<br>**Plaintiffs,** )<br>) Civil Action No:06-1254 (RCL)<br>v. )<br>)<br>**DISTRICT OF COLUMBIA** )<br>**Defendant.** )<br>) | |

**PLAINTIFFS' OPPOSITION TO THE DEFENDANT'S**
**MOTION TO DISMISS**

    **COMES NOW**, the Plaintiffs, by and through their attorney, Tilman L. Gerald, and James E. Brown & Associates, PLLC, hereby oppose the Defendant's Motion to Dismiss filed herein against them by the Defendant for the reasons that are more specifically set forth in the Memorandum of Points and Authorities Submitted in Support of Their Opposition to the Motion for Partial Dismissal filed contemporaneously herewith and incorporated herein as though set forth in its entirety.

                                                              Respectfully submitted,

                                                                     /s/
                                               Tilman L. Gerald [928796]
                                               Roxanne D. Neloms [478157]
                                               1220 L Street, N. W., Suite 700
                                               Washington, D.C. 20005
                                               202.742.2000
                                               202.742.2098 facsimile
                                               ***Attorneys for the Plaintiffs***

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARIA ABARCA, et al** )<br>)<br>)<br>**Plaintiffs,** )<br>) Civil Action No:06-1254(RCL)<br>v. )<br>)<br>**DISTRICT OF COLUMBIA** )<br>**Defendant.** )<br>) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS**

**COMES NOW**, the Plaintiffs, by and through their attorneys Tilman L. Gerald and Roxanne D. Neloms, of James E. Brown & Associates, PLLC, in their Memorandum of Points and Authorities Submitted in Support of Their Opposition of Defendant's Motion to Dismiss, represent unto this Honorable Court as follows:

**INTRODUCTION**

In accordance with the Individuals with Disabilities Improvement Act of 2004, 20 U.S.C §§1400-1461 (hereinafter IDEIA) and 42 U.S.C §§ 1983, et. seq. Plaintiffs are seeking reimbursement of reasonable attorneys' fees in the matters of A.B., D.E., A.W., and J.H., where each Plaintiff secured some or all the relief sought to establish "prevailing party"status pursuant to 20 U.S.C. 1415.  In July 2006, the Plaintiffs submitted invoices to the Defendant for a total of sixty (60) cases seeking reimbursement for reasonable attorneys fees in accordance with IDEA.  Since the commencement of this suit the Defendant has settled fifty (50) of the sixty (60) claims. 42 U.S.C. Section 1983 was implicated in this matter because

2

the Defendant previously refused to reimburse the Plaintiffs for reasonable attorneys fees and have since that time reimbursed the majority of the Plaintiffs in this matter. As a result of the foregoing, the Plaintiffs hereby abandoned the Section 1983 argument.

### A. STANDARD OF REVIEW

A Court will not grant a motion to dismiss for failure to state a claim in accordance with Federal Rules of Civil Procedure 12(b) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See *Johnson v. District of Columbia*, 190 F. Supp.2d 34, (D.C. 2002), (quoting *Conley v. Gibson*, 355 U.S. 41, 45-56 (1987)). In this instant, the Court must deny the Defendant's motion to dismiss as the Plaintiffs have stated a claim upon which relief may be granted.

### B. PLAINTIFFS ARE PREVAILING PARTIES AND ARE ENTITLED TO REIMBURSEMENT FOR REASONABLE ATTORNEY FEES.

Plaintiffs were prevailing parties at the administrative level and are entitled to reimbursement for reasonable attorney fees and accordingly this Honorable Court has the authority to award the Plaintiffs in this matter attorneys' fees under the 20 U.S.C.§1415(i)(3)[1] of the IDEA. Under the IDEA, parents who prevail at the administrative level in securing special education rights for their children are entitled to seek reimbursement for attorneys' fees. This statutory right to seek fees is a well settled principle in special education law. In *Moore v. District of Columbia*, 907 F.2d 165 (1990), the Court of Appeals for the District of Columbia, in interpreting the former controlling statues, the Education of the Handicapped Act ("EHA")

---

[1] 20 U.S.C. §1415(i)(3)(B) of the Individuals with Disabilities Act provides "[i]n an action or proceeding brought under this section [1415], the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is a prevailing party."

and the Handicapped Children's Protection Act ("HCPA") allowed an independent cause of action for attorneys' fees, held that the courts may award attorney fees to a parent who prevailed in administrative matters. See *Moore v. District of Columbia*, 907 F.2d 165 (1990).

Thus, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." *See Kingsberry v. District of Columbia et al.*, 338 F.Supp.2d 2 (August 9, 2005) *quoting* 20 U.S.C. § 1415 (i)(3)(B). [S]ection 1415(i)(3)(B) also authorizes a parent who prevails in an IDEA administrative hearing to recover attorney's fees by filing suit for the fees in federal court." *Kaseman v. District of Columbia*, 329 F.Supp.2d 20, 23 (D.D.C. 2004) (citations omitted). In order to qualify as a prevailing party[2], it is not necessary for parents to obtain all the relief that they initially sought. However, there must be an alteration in the legal relationship of the parties' that has been given some judicial *imprimatur* …" in order for a court to award attorneys' fees. *Armstrong v. Vance*, 328 F.Supp.2d 50, 57 (D.D.C.2004) (quoting *Buckhannon Bd. And Care Home, Inc. V. West Virginia Dept's of Health and Human Res.*, 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).

---

[2] In *Select Milk*, Judge Edwards agreed with the principles of the *Buckhannon* three prong test, which states that "1) in order to be a prevailing party, a claimant must show that there has been a court-ordered change in the legal relationship between the plaintiff and the defendant; 2) a prevailing party in whose favor a judgement is rendered, regardless of the amount of damages awarded; 3) a claimant is not a prevailing party merely by virtue of having acquired a judicial pronouncement unaccompanied by judicial relief." See *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005)(quoting *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001)).

### 1. Plaintiff D.E.'s Settlement Agreement is considered "administrative imprimaturs" which resulted in "prevailing party" status.

In the case of D.E. the parties entered into a settlement on the record on January 25, 2005. In pertinent part, the hearing officer, finding that the agreement to be in the best interest of the student, ordered that there was no finding of a denial of FAPE and that the Defendant shall convene a MDT/IEP meeting within thirty (30) days after the entering of the order. The assertions of the Defendant that he simply settled for a MDT/IEP meeting flies in the face of reality. Moreover, the very purposes of the MDT/IEP meeting is to facilitate the review of an existing evaluation, determine the necessity of additional evaluations, revise the student's IEP program as appropriate, then discuss and consider placement options. Here again, the Defendant is attempting to downplay the integrity and import of the parties settlement agreement on the record as approved by the Hearing Officer. Surely, the Defendant can not reasonably dispute that the MDT/IEP meeting as requested in a significant remedy.

In *Select Milk Producers, Inc. V. Johanns*, 400 F. 3d 939 (D.C.Cir 2005), the Court outlined the prongs that a party must satisfy to achieve "prevailing party" status. The Court indicated that prevailing party status may be obtained through litigation on the merits, and also indicated that settlement agreements enforced through consent decrees may also serve as a basis for an award of attorneys' fees. Additionally, in *A.R., et.al v. New York City Dep't of Educ.*, 407 F.3d 65, 43 IDELR 108, (2d. Cir. 2005), the Court determined that because a "parties obligations to comply with the terms of a settlement agreement [have] [omit] been made part of the order of a dismissal by incorporating the terms of settlement in the order"

that a settlement of an administrative proceeding on the record is equivalent to an administrative decree on the record.  See *A.R., et.al v. New York City Dep't of Educ.*, 407 F.3d 65, 43 IDELR 108, (2d. Cir. 2005); see also *M.C. and S.C., parents of S.C., a minor, v. Seattle School District*, 43 IDELR 111(D. Wash. 2005).  As a result of the foregoing, "prevailing party" status is conferred upon the Plaintiffs because the legal relationship between the Plaintiffs and the Defendant occurred.  See *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005); see also *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001).  Part and parcel to settlement agreements is that neither party generally admits to liability but enter into a compromise of their respective claims.  In this case the Defendant although agreeing to the Plaintiff's demands for relief refused to agree that it had denied FAPE to D.E.  Thus, in light of the defendant's argument regarding the denial of FAPE parties entering into settlement agreements have no expectation that a finding regarding the denial of FAPE is required.

### 2. **A.B. is a prevailing party and is entitled to attorneys fees in accordance with the IDEA.**

With respect to A.B., the Defendant argues that prevailing party status is not conferred upon the Plaintiff because the hearing officer did not make a finding of a denial of FAPE.  While it is true, the Hearing Officer's failure to do so does not vitiate Plaintiff's status as the prevailing party in this matter.  In granting the Plaintiff's request in part, the Hearing Officer ordered the Defendant to provided the Plaintiff with the "exit evaluation" to rule out the disputed classification of MR/OHI.

In the hearing request filed October 14, 2005, the Plaintiff expressed her dissatisfaction

with the refusal of the MDT/IEP team to assign A.B. with the multiple disability classification of ADHD/OHI. This request was predicated upon the findings of an independent psychological evaluation that contained a diagnosis of ADHD. The foregoing diagnosis was later confirmed by the school psychologist. Albeit A.B. exhibited ADHD tendencies, Dr. Ryan indicated that a Vineland Adaptive Assessment failed to support a finding of mental retardation. Therefore, given the obvious confusion as to how A.B. should be classified, the Plaintiff's interest in trying to obtain a resolution of this issue was compelling. The decision of the Hearing Officer placed the Plaintiff in the same position that he would have been in had the MDT/IEP team classified A.B. in accordance with his multiple disabilities. Specifically, in light of the results of the October 5, 2005 Comprehensive Test of Nonverbal Intelligence administered by Dr. Mary Ryan to A.B., who indicated that mental retardation was likely when scores on other cognitive instruments are low. The "exit evaluations" conferred upon the Plaintiff identical relief that was sought and he is undeniably a "prevailing party" in this instance.

Further the Defendant has purposely attempted to marginalize and/or minimize the significance of the relief accorded to the Plaintiff by the Hearing Officer and the degree of success obtained on the merits. Moreover, even a cursory review of the record demonstrates that the Plaintiff's success at the administrative level is not "purely technical" or "de minimis" as the Defendant claims. The order requiring the Defendant to conduct the "exit evaluation" within fifteen days (15) of the HOD and to convene the MDT/IEP meeting demonstrate a causal connection between the purpose of the litigation and the results sought and achieved by the Plaintiff. See *Kletzelman v. Capistrano Unified School Dist.*, 91 F.2d

69, (9th Cir 1996).

### C. CONCLUSION

Based upon the foregoing, the Plaintiffs have amply demonstrated that they succeeded on the merits of their respective cases at the administrative level and thereby, are rightfully entitled to "prevailing party" status under applicable statutory and case law.  Therefore, the Plaintiffs have properly and effectively stated a claim for which this Honorable Court can grant them the relief sought and respectfully request that this Honorable Court deny the Defendant's Motion to Dismiss with prejudice.  In addition, the Defendant failed to lodge an argument in the matters of A.W. and J.H. and as result this Court should find that the Defendant concedes that "prevailing party" status is conferred upon Plaintiffs in this matter.  Thus, the Plaintiffs further request that this Honorable Court award Plaintiffs reasonable attorneys fees incurred in opposing the instant motion.

Respectfully submitted,

_____/s/_____
Tilman L. Gerald [928796]
Roxanne D. Neloms [478157]
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, D.C.  20005
(202) 742-2000 (202) 742-2098 (fax)
*Attorneys for Plaintiffs*