UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

MARIA ABARCA, for
C.A., a minor, et al.,

      Plaintiffs,

      v.                      Civil Action No. 06-1254 (RCL)

DISTRICT OF COLUMBIA, et al.,

      Defendants.

---

### DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

The Defendants, by counsel, reply herewith to the "Plaintiffs' Opposition to Defendants' Motion to Dismiss the Complaint," filed on November 9, 2006 ("Opposition").

### PRELIMINARY STATEMENT

In their October 26, 2006, Motion to Dismiss the Complaint ("Motion"), the Defendants argued that D.E., A.B. and T.F.'s claims for attorneys' fees under the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §1400 et seq. ("IDEIA"), should be dismissed because they were not prevailing parties, and because there have been no demonstrations of a violation of the Civil Rights Act, 42 U.S.C. § 1983.  In light of Plaintiffs' Opposition, two matters are no longer at issue. First, Plaintiffs have withdrawn their § 1983 claims as to all the remaining Plaintiffs. Second, by Praecipe filed November 9, 2006, Plaintiffs voluntarily dismissed the claims

of T.F. What remains in this action are the attorneys' fees claims of D.E., A.B., A.W. and J.H. [1] Only the claims of D.E. and A.B. are being challenged here.

For reasons set forth below, Plaintiffs' Opposition has not presented reasons that this Court should not grant the Defendants' Motion.

## ARGUMENT

**I.  Plaintiffs have abandoned their § 1983 Claim.**

In their Complaint, Plaintiffs asserted that the claims for attorneys' fees were brought pursuant to 42 U.S.C. § 1983 to enforce Plaintiffs' statutory rights under the IDEIA. Complaint para. 20. Defendants argued in their Motion that all the Plaintiffs had failed to sufficiently plead their §1983 claims, and that those claims should be dismissed in their entirety. In their Opposition (p. 3), Plaintiffs assert that they have "abandoned" their § 1983 claims. Therefore, Plaintiffs' § 1983 claims should be dismissed.

**II.  Plaintiffs D.E. and A.B. are not prevailing parties entitled to attorney fees.**

    **A. D.E.'s settlement agreement does not confer prevailing party status.**

As to D.E., the laws of this jurisdiction support the Plaintiffs' general argument that a settlement agreement specifically incorporated into and ordered by an administrative order is adequate to establish prevailing party status. Opposition. pp. 5-6. However, Plaintiffs' settlement agreement in this instance was de minimis relief which

---

[1] Originally in this action, on July 12, 2006, sixty (60) named plaintiffs filed a Complaint for reimbursement of attorneys' fees and costs, asserting that they were "prevailing parties" in administrative proceedings pursuant to the IDEIA. Subsequently, the Plaintiffs' voluntarily dismissed or withdrew all of the Plaintiffs' claims except those of D.E., A.B., AW. and J.H.

2

did not in any way settle the merits of the Plaintiffs' claims as required in <u>Abraham v. District of Columbia</u>, 338 F.Supp.2d 113, 120 (D.D.C. 2004).

It is clear that where a private settlement agreement is not incorporated into a consent decree, it lacks a j*udicial imprimatur* and, thus, plaintiffs who are parties to such a private settlement agreement cannot be considered prevailing parties. A private settlement agreement cannot transform an IDEIA claimant into a "prevailing party" under 20 U.S.C. § 1415(i)(3)(B). <u>Alegria v. District of Columbia</u>, 391 F. 3d 262 (D.C. Cir. 2004) (parents who, having resolved their claims through pre-administrative-hearing settlement agreements, failed to obtain judicial imprimatur of enforceable judgment or consent order, were not entitled to an award of "prevailing party" attorney fees under the IDEA). However, in <u>Abraham v. District of Columbia</u>, <u>supra</u>, the Court clearly stated that even if a settlement agreement *is* properly incorporated into an HOD, an IDEIA claimant may be eligible for attorneys' fees but only "*assuming that the HOD offers sufficient relief on the merits.*" 338 F. Supp. 2d at 120 (emphasis added).

In this case, D.E.'s settlement agreement was <u>de</u> <u>minimis</u> and should not confer prevailing party status because 1) no actions were required by DCPS as to the merits of the Plaintiffs claims, 2) no concessions of compensatory education were made by DCPS, and 3) there was no finding of a denial of FAPE in this matter. Complaint, Exhibit 15. While the settlement agreement was incorporated into the HOD, the terms of the settlement agreement only required DCPS to convene an IEP meeting within 30 days of the hearing, an action that did not respond to Plaintiffs' claims that private school placement and tuition reimbursement were due and owing for DCPS denials of FAPE. Complaint, Exhibit 13, Hearing Complaint. Since DCPS only agreed to convene an IEP,

3

the legal relationship of the parties was not "materially" altered by modifying the Defendants' behavior in a way that directly benefited the Plaintiff.[2] For the IDEIA and DCPS policy already required DCPS to convene a new IEP during the school year at this time.[3] As discussed in Defendants' Motion, an HOD requiring a government agency to perform a pre-existing duty cannot be said to generate a meaningful alteration of the parties' legal relationship. J.K.v. Fayette County Bd. of Educ., 2006 U.S. Dist. LEXIS 56792, *11 (D. Ky. 2006)

Finally, Plaintiffs' Opposition is unclear as to Defendants' argument that prevailing party status is not established where a finding is made that DCPS has not denied a student a free appropriate public education ("FAPE"). On one hand, Plaintiffs allege that parties entering into settlement agreements have no expectation that a finding that a denial of FAPE is required. Opposition p. 6. On the other hand, Plaintiffs allege that Defendants refused to agree to a settlement unless the agreement stated that the Defendants had not denied FAPE. Opposition p. 6. Obviously here, there was an expectation by the Defendants that a finding of a denial of FAPE was required.

---

[2] The D.E. settlement agreement here is much different then the settlement agreements reached in Complaint exhibits 4, 10, 11, 19, 28, 29, 30, 36, 37, 39, 44, 55 and 59, where although the agreements were incorporated into the record, the parties' concessions directly addressed the merits of the Plaintiffs' claims and DCPS agreed to take actions that "materially" altered the parties' legal relationship. See Complaint Exhibit 4 (DCPS shall fund an independent Occupational Therapy Vocational Assessment); Exhibit 10 (DCPS is ordered to conduct a Functional Behavioral Assessment); Exhibit 11 (DCPS shall conduct a clinical psychological exam, a speech and language evaluation, and a neuropsychological exam); Exhibit 19 (DCPS shall conduct sixt y four (64) hours of tutoring); Exhibit 28, (DCPS is ordered to privately place the student); Exhibit 29 (DCPS is ordered to privately place the student);, Exhibit 30 (DCPS shall conduct a psychological evaluation); Exhibit 36, (DCPS is ordered to privately place the student); Exhibit 37 (DCPS shall implement a compensatory education plan); Exhibit 39, (DCPS is ordered to privately place the student); Exhibit 44 (DCPS shall complete a psycho-educational evaluation); Exhibit 55 (DCPS is ordered to privately place the student), and Exhibit 59 (DCPS shall perform a Functional Behavioral Assessment Exam).

[3] 20 U.S.C. § 1414 (d)((2)(A) requires that a new IEP shall be in effect at the beginning of each school year. In order to meet this requirement generally, DCPS completes their annual IEP reviews in the Spring, to be in effect for the following school year.

4

Thus, parties do have expectations as to findings of FAPE in settlement agreements. Further, in their Complaint, Plaintiffs have not alleged any dispute as to the very terms of the settlement agreement that were bargained for and agreed to. Complaint, generally.

### B. Plaintiffs failed to show that the relief ordered in the HOD as to A.B. was anything more than de minimis and, therefore, prevailing party status was not conferred.

As to A.B., in addition to there being no finding of a denial of FAPE, Defendants showed in their Motion that there was also no "material" alteration of the parties' legal relationship because the action ultimately taken by the hearing officer was de minimis and did not provide a basis for an award of attorneys' fees. Motion p. 9-14.

In their Opposition, Plaintiffs allege that the exit evaluation ordered by the hearing officer to rule out an Other Health Impaired ("OHI") classification as to A.B. conferred upon the Plaintiff "identical relief that was sought" in their hearing complaint. Opposition p. 7. However, the hearing officer found no sufficient basis for Plaintiffs' request that an OHI classification of A.B. was appropriate nor that the requested relief of private school placement, tuition reimbursement and private tutoring was due and owing. The hearing officer concluded:

> A preponderance of the evidence supports DCPS position that the MR classification is an appropriate classification for A.B....The disputed multiple classification of MR/OHI was not applied because the student did not exhibit any behavioral misconduct in the classroom including any disruptive actions, which would warrant the inclusion of the OHI classification. Under this set of circumstances, the student was not denied a free appropriate public education.

Complaint, Exhibit 6, HOD.

Nonetheless, the hearing officer ordered an exit evaluation which was simply a way for the parties to rule out OHI and to conclude the matter. Thus, the exit evaluation

ordered was designed, not to award compensatory education for denials of FAPE, but to properly terminate the IDEIA complaint. Therefore, no "material" alteration of the legal relationship of the parties took place.

Plaintiffs, citing Kletzelman v. Capistrano Unified School Dist., 91 F.2d 69 (9th Cir. 1996), further allege that they are prevailing parties because the Order demonstrated a "causal connection" between the purpose of the litigation and the results sought, Opposition p. 7. However, Plaintiffs failed to make the required showing in this jurisdiction to be a prevailing party: that the action ordered must have "materially" altered the legal relationship of the parties. Buckhannon Bd. & Care Home v. W. Va. Dep't of Health and Human Res., 532 U.S. 598, 605 (2001). Additionally, while it can be generally be said that *any* remedy, even a de minimis one, can have a causal connection between the litigation and relief sought, it is materiality, not causality, that is the test and that test has not been met here.

## CONCLUSION

For the reasons set forth herein and in the Defendants' Motion, it is respectfully requested that the complaint herein be dismissed in its entirety as to the Plaintiffs' §1983 claims. It is further requested that the claims of D.E. and A.B. be dismissed in their entirety because as to D.E., the settlement agreement, although incorporated into the Order, did not offer sufficient relief on the merits of the Plaintiffs' claims. And as to A.B., in addition to no finding of a denial of FAPE, the relief granted was de minimis. Therefore, neither Plaintiff is a prevailing party entitled to attorneys' fees under the IDEIA.

Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

*/s/ Amy Caspari*
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794
November 21, 2006                  email:  amy.caspari@dc.gov